## HART *v.* B. F. KEITH VAUDEVILLE EXCHANGE ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 763.   Argued May 2, 3, 1923.—Decided May 21, 1923.

1. A bill in the District Court setting up a claim of federal right should not be dismissed for lack of jurisdiction because the claim is wanting in merit, if it be not wholly frivolous.   P. 273.
2. Plaintiff, by a bill brought before the decision of this Court in *Federal Base Ball Club* v. *National League,* 259 U. S. 200, sought an injunction and damages, under the Anti-Trust Act of 1890, against an alleged conspiracy of theatre owners and of corporations engaged, like himself, in the business of getting contracts for vaudeville actors to perform throughout the United States, and of acting as their manager and personal representative, alleging that the business involved contracts not only for travel of performers from State to State and from abroad, but also for transportation of vaudeville acts, including performers, scenery, music, costumes, etc., resulting in a constant stream of commerce from State to State, in which, he claimed, the apparatus transported was not a mere incident, but sometimes more important than the performers. *Held,* that the claim that the case came within the Anti-Trust Act was not frivolous, and that the bill should not have been dismissed by the District Court for want of jurisdiction.   P. 274.
Reversed.

APPEAL from a decree of the District Court dismissing, for want of jurisdiction, a bill for an injunction and damages, brought under the Anti-Trust Act.

*Mr. Martin W. Littleton,* with whom *Mr. Louis B. Eppstein, Mr. Laurence H. Axman* and *Mr. Ira W. Hirshfield* were on the brief, for appellant.

*Mr. George Wharton Pepper,* with whom *Mr. Maurice Goodman* was on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit by one whose business is getting contracts for vaudeville performers to perform in theatres all over the United States and acting as their manager and personal representative. It is brought against a combination of corporations engaged in similar business, and the owners of a large number of theatres known as the Keith Circuit, the owners of others known as the Orpheum Circuit, and some other persons not needing special mention here, who it is alleged are ruining the plaintiff's business by a conspiracy forbidden by the Anti-Trust Act of July 2, 1890, c. 647, 26 Stat. 209. An injunction and enormous damages are asked. The bill was dismissed for want of jurisdiction by the District Court on the ground that it did not state a cause of action arising under the Constitution or laws of the United States.

The bill sets out at superfluous length a combination of the defendants to exclude actors from the theatres controlled by them; being practically all the theatres in the United States and in Canada in which high class vaudeville entertainments are produced, and to exclude the managers and personal representatives of actors from the defendants' booking exchange in New York and from business, unless they respectively comply with the defendants' requirements, including the payment of considerable sums. It is alleged that a part of the defendants' business is making contracts that call on performers to travel between the States and from abroad and in con-

nection therewith require the transportation of large quantities of scenery, costumes and animals. Some or many of these contracts are for the transportation of vaudeville acts, including performers, scenery, music, costumes and whatever constitutes the act, so that it is said that there is a constant stream of this so-called commerce from State to State. The defendants contend and the judge below was of opinion that the dominant object of all the arrangements was the personal performance of the actors, all transportation being merely incidental to that, and therefore that the case is governed by *Federal Base Ball Club* v. *National League,* 259 U. S. 200. On the other hand it is argued that in the transportation of vaudeville acts the apparatus sometimes is more important than the performers and that the defendants' conduct is within the statute to that extent at least.

The jurisdiction of the District Court is the only matter to be considered on this appeal. That is determined by the allegations of the bill, and usually if the bill or declaration makes a claim that if well founded is within the jurisdiction of the Court it is within that jurisdiction whether well founded or not. *Louisville & Nashville R. R. Co.* v. *Rice,* 247 U. S. 201, 203. *Lamar* v. *United States,* 240 U. S. 60. *Geneva Furniture Manufacturing Co.* v. *S. Karpen & Bros.,* 238 U. S. 254, 258. *The Fair* v. *Kohler Die & Specialty Co.,* 228 U. S. 22, 25. While appeals to this Court often are dismissed as frivolous, *Equitable Life Assurance Society* v. *Brown,* 187 U. S. 308, 311; *Deming* v. *Carlisle Packing Co.,* 226 U. S. 102, 109, 110, the former case expressly and the latter by implication follow and reaffirm *Swafford* v. *Templeton,* 185 U. S. 487, 493, to the effect that when a suit is brought in a federal court and the very matter of the controversy is federal it cannot be dismissed for want of jurisdiction "however wanting in merit" may be the averments intended to

establish a federal right. See also *St. Louis, Iron Mountain & Southern Ry. Co.* v. *McWhirter,* 229 U. S. 265, 275, 276. It is not necessary to draw the line between the foregoing and other cases brought in Courts of the United States to assert a claim under the Constitution that have been ordered to be dismissed below because " absolutely devoid of merit," *Newburyport Water Co.* v. *Newburyport,* 193 U. S. 561, 576, 579, beyond confining the latter to those that are very plain. It is enough that we are not prepared to say that nothing can be extracted from this bill that falls under the act of Congress, or at least that the claim is wholly frivolous. The bill was brought before the decision of the *Base Ball Club Case,* and it may be that what in general is incidental, in some instances may rise to a magnitude that requires it to be considered independently. The logic of the general rule as to jurisdiction is obvious and the case should be decided upon the merits unless the want of jurisdiction is entirely clear. What relief, if any, could be given and how far it could go it is not yet time to discuss.

*Decree reversed.*