WALKER GRAIN CO. et al. v. SOUTHWESTERN TELEGRAPH & TELEPHONE CO.

(Circuit Court of Appeals, Fifth Circuit, December 1, 1925. Rehearing Denied January 19, 1926.)

No. 4619.

1. Appeal and error ⊂⇒907(2)—Where evidence is not included in record, findings of fact assumed correct.

Where evidence is not included in record, findings of fact must be assumed correct.

2. Courts ⊂⇒351½—Finding of want of fraud asserted as basis of defendants' liability in a jurisdictional amount held not to necessitate dismissal.

In suit against two corporations, a director of each, and the principal stockholder of both, to recover for telephone service furnished both corporations of value exceeding $3,000, held, finding, that charges of fraud and collusion asserted as basis of individual defendants' liability were not sustained, did not under Judicial Code, § 37 (Comp. St. § 1019), necessitate a dismissal on ground that, in absence of liability for both claims, a jurisdictional amount was not involved.

3. Courts ⊂⇒351½—Want of support for claim asserted in good faith as grounds for court's jurisdiction does not require dismissal.

Judicial Code, § 37 (Comp. St. § 1019), providing for dismissal of suit not really and substantially involving a dispute or controversy within jurisdiction of court, does not require dismissal of a suit on a claim made in good faith, although court may decide that claim is not supported by the evidence.

4. Action ⊂⇒70—Amendment of bill to declare on written contract held not abandonment of original suit.

In suit against two corporations, a director of each, and the principal stockholder of both, to recover for telephone service furnished both corporations, wherein individual defendants introduced written contracts by which they had assumed liability for claims sued on and sought dismissal on ground that plaintiff had adequate remedy at law, plaintiff's amendment of bill so as to declare on the written contracts was not an abandonment of original suit.

5. Account ⊂⇒6—Suit to recover for telephone service held within equity jurisdiction because of complicated nature of accounts.

Suit against two corporations and certain individuals to recover for telephone service furnished the corporations, consisting principally of long-distance conversations over a considerable period of time, wherein defendants claimed numerous overcharges and disputed correctness of each item, held within equity jurisdiction on ground of complicated and disputed character of accounts.

6. Trial ⊂⇒11(3)—Suit to recover for telephone services involving accounting by individual defendant held within equity jurisdiction.

In suit against two insolvent corporations, a director of each, and the principal stockholder of both, to recover for telephone services, where it was found that principal stockholder had illegally appropriated large sum from treasury of one of corporations, held, equity jurisdiction existed for purpose of compelling an accounting by him which would be retained as to other individual defendants without sending case to law side of court.

7. Equity ⊂⇒427(1)—Judgment held properly entered against individual defendant under contract proved by him, though bill not amended to declare on contract.

In suit against two insolvent corporations and certain individuals to recover for telephone services furnished both corporations, where individual defendants to defeat equity jurisdiction proved written contracts by which they assumed individual liability and asserted that an adequate remedy at law existed, held, court having jurisdiction on other grounds could prop-

erly enter judgment against one of the individual defendants on his liability under the contracts proved by him, though as to him no trial amendment of bill to declare on the contract was made.

**8. Pleading ⬅➡236(5)—Allowance of amendment increasing plaintiff's claim to conform to proof is within discretion of court.**

Allowance of amendment increasing plaintiff's claim to conform to proof is within discretion of court.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by the Southwestern Telegraph & Telephone Company against the Walker Grain Company and others. Decree for complainant (3 F.[2d] 819), and defendants appeal. Affirmed.

E. B. Robertson, of Fort Worth, Tex. (W. E. Spell, of Waco, Tex., and H. T. McGown and P. T. Lomax, both of Fort Worth, Tex., on the brief), for appellants.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (Nelson Phillips and C. M. Means, both of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit in equity in which appellee recovered a decree for telephone service furnished to the Walker Grain Company and the Julian A. Ivy Grain Company. Separate accounts were kept, according to which the indebtedness of each company, exclusive of interest and costs, was less than $3,000, but the indebtedness of both companies exceeded that amount.

The original defendants were the two grain companies, J. L. Walker, and his wife, Mrs. M. M. Walker; but by amendment Julian A. Ivy was also made a party defendant.

The bill was filed by appellee in its own behalf, and for the benefit of all other creditors who might join in seeking the relief prayed and contribute to the costs of the suit. The case made by it is this: J. L. Walker was engaged in the business of buying and selling grain for future delivery. In order to avoid personal liability, he formed the defendant corporations and subscribed to practically all of their capital stock, and used them as mere dummies. He caused these corporations to enter into contracts for future delivery of grain and to accept or repudiate them according to whether there was a profit to be realized or loss to be sustained. In order to prevent creditors from realizing on their claims, the bank accounts of the corporations were kept constantly overdrawn, and the profits as fast as earned were taken by Walker and deposited either to the credit of himself or his wife, and arrangements were made by him with the bank in which the deposits of the corporations were kept to pay any overdrafts which Walker made on behalf of the corporations and charge the same to his individual account. In this way the corporations became liable to creditors in the aggregate amount of several hundred thousand dollars, and were insolvent. J. L. Walker had wrongfully taken and appropriated to his own use large sums of money, many times the amount of appellee's claims, belonging to the corporations. Mrs. Walker was a director in the Walker Grain Company, and Ivy in the Ivy Grain Company, and these individual defendants participated in the fraudulent scheme and practices of J. L. Walker. The accounts of the corporations with appellee were made up of charges for long-distance telephone conversations, and covered a considerable period of time. Defendants claimed there were numerous overcharges and disputed the correctness of each item charged, and for that reason the accounts were complicated and their settlement was properly the subject of inquiry by a court of equity.

During the taking of evidence before a master, defendants introduced two contracts in writing, in one of which the individual defendants bound themselves to pay the amount due upon the account asserted by appellee against the Walker Grain Company, and in the other entered into a like obligation on behalf of the Ivy Grain Company. The contracts were pleaded in the answer of defendants which alleged that the individual defendants, including Ivy, had signed them and thereby appellee was given a full, complete, and adequate remedy at law. After the contracts had been introduced in evidence, appellee filed a trial amendment, in which the contracts were pleaded "for the purpose of making the pleadings of the complainant conform to the evidence introduced herein," but omitted to pray for judgment against the defendant Julian A Ivy. All the other defendants were included in the prayer for judgment. However, the amendment prayed for general relief.

[1] The district judge approved findings of the master to the effect that the corporations were insolvent, but had not been organized for the purpose of enabling Walker to perpetrate a fraud upon his creditors. The mas-

10 F.(2d)—18

ter also found that J. L. Walker had received the sum of $51,500 from the Walker Grain Company and reported that the testimony was conflicting as to whether that company owed Walker anything at the time; but the district judge sustained exceptions to this finding, and held that the said sum of $51,500 belonged to the Walker Grain Company and was wrongfully taken by Walker. The court entered a decree against each of the corporations for the amount found by the master to be due by it, and against the individual defendants for the aggregate amount found to be due by both corporations. The amount of the decree against the Ivy Grain Company was in excess of the amount claimed in appellee's amended bill, but on motion for rehearing submitted by appellants the court permitted appellee to file an amendment claiming the amount found by the master and the court to be actually due. The evidence is not included in the record, and it is therefore to be assumed that the findings of the court upon the facts are correct.

In support of their assignments of error, appellants contend: That the court erred in refusing to dismiss the suit for want of jurisdiction, because, first, the court reached the conclusion from the evidence that the charges of fraud and collusion had not been sustained, and, secondly, because appellee's amendment declaring on the written contracts, by which the defendants bound themselves to pay the accounts sought to be recovered, constituted an abandonment of the original suit and set up two new and distinct causes of action, upon each of which there was a plain and adequate remedy at law; that, as the averments of fraud and collusion apply only to J. L. Walker, the bill should have been dismissed as to all the other appellants; that the decree against Julian A. Ivy was erroneous, because there was no averment in the trial amendment that he executed either of the written contracts; and that the decree against the Julian A. Ivy Grain Company was in excess of the amount claimed against that company in the amended bill upon which the trial was had.

[2, 3] The charges in the bill of fraud and collusion stated a cause of action against the individual appellants. If they were liable for both accounts, the amount sought to be recovered was within the jurisdiction of the District Court. It was found, upon a consideration of the evidence, that the corporations were not used as dummies in the perpetration of a scheme to defraud. The court reached that conclusion in the exercise of its jurisdiction. Section 37 of the Judicial Code (Comp. St. § 1019) provides for the dismissal of a suit which does not really and substantially involve a dispute or controversy properly within the jurisdiction of the court. A suit upon a claim made in good faith is not to be dismissed, although the court may decide that the claim is not supported by the evidence. Hart v. Keith Exchange, 262 U. S. 271, 43 S. Ct. 540, 67 L. Ed. 977; Binderup v. Pathé Exchange, 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308.

In Flanders v. Coleman, 250 U. S. 223, 39 S. Ct. 472, 63 L. Ed. 948, it is said: "Whether the District Court has jurisdiction to grant any relief must be determined upon a consideration of the allegations of the bill and the amendment thereto. If there be enough of substance in them to require the court to hear and determine the cause, then jurisdiction should have been entertained." The District Court proceeded to hear the case on the merits, and must have been convinced that appellee's suit was brought in good faith. [4, 5] The amendment to the bill which declared on the written contracts of appellants to pay the accounts of the corporations was not an abandonment of the original suit. The amendment was wholly unnecessary inasmuch as appellants themselves had introduced the same contracts in evidence in an effort to sustain their theory that appellee had a plain and adequate remedy at law. Furthermore, in our opinion the court properly entertained the case on the equity docket, because the accounts were disputed and complicated. Kirby v. Lake Shore R. R. Co., 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569; Walker v. Wilkinson (C. C. A.) 3 F.(2d) 867; 10 R. C. L. 355.

[6] The court found that J. L. Walker had illegally taken $51,500 out of the treasury of the Walker Grain Company. It is hardly open to question that jurisdiction existed for the purpose of compelling an accounting by him upon the suit of creditors. Chicago, etc., Ry. Co. v. Third National Bank, 134 U. S. 276, 10 S. Ct. 550, 33 L. Ed. 900. In view of the fact that the corporations appear to have been insolvent, there existed jurisdiction in a court of equity, although appellee's claims had not been reduced to judgment. Case v. Beauregard, 101 U. S. 688, 25 L. Ed. 1004. Having properly acquired jurisdiction, it was proper to proceed in equity to do full justice without sending the case of the other appellants to be determined on the law side of the court. Equity Rule 23; Ober v. Gallagher, 93 U. S. 199, 23 L. Ed. 829; Camp v.

Boyd, 229 U. S. 530, 33 S. Ct. 785, 57 L. Ed. 1317. Therefore it was not error for the court to enter a decree against the other individual appellants, who the evidence shows were also liable for the full amount of the claims against both corporations.

[7] Julian A. Ivy was shown to be liable for the contracts introduced in evidence by appellants, and the court therefore had the power to enter judgment against him upon his own showing, and in the absence of the trial amendment.

[8] The allowance of the amendment increasing the claim against the Ivy Grain Company, so as to make the pleadings conform to the proof, was within the discretion of the court, and was entirely proper.

The decree is affirmed.