**E. C. ATKINS & CO. v. DUNN, County Auditor, et al.**

Circuit Court of Appeals, Seventh Circuit.
June 20, 1928.

Rehearing Denied October 2, 1928.

No. 4003.

Louis B. Ewbank and Joseph J. Daniels, both of Indianapolis, Ind., for appellant.

William H. Thompson and William Bosson, both of Indianapolis, Ind., for appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The appellant, a corporation, resident and paying taxes in Marion county, Indiana, brought suit against the board of commissioners, the auditor, and the treasurer of that county, the trustee of certain townships in the county, the mayor, the city controller, members of the common council, and members of the board of school commissioners of the school city of Indianapolis, all citizens of the state of Indiana and residents of Marion county.

The bill covers 23 printed pages of the record, but the averments necessary to be considered on this appeal are, in substance, as follows:

That the cause of action declared on arises under the Constitution of the United States, as hereinafter shown, that the amount in controversy exceeds the sum or value of $3,000, and that the bill is brought on behalf of the appellant and all taxpayers of Marion county in a similar situation.

That, pursuant to law, appellant's property was assessed directly by the state board of tax commissioners for the year 1919, its tax paid being $23,137.92; that the property of over 600 other private corporations, and of many banks, trust companies, and public utility corporations, was likewise assessed directly by the state board in 1919, and taxes were paid on the basis of these assessments in the total sum of many millions of dollars.

That the property of some 120,000 individuals, not under the law assessable in the first instance by the state tax board, but by the township assessors, was first assessed by such assessors in the spring of 1919; that on August 23, 1919, the said board made an order horizontally increasing all assessments made by the township assessors; that this order was subsequently held, by the Indiana Supreme Court, to be void.

That thereafter, on July 31, 1920, the Indiana Legislature passed an act, in compliance with the provisions of which the state tax board adopted certain "conclusions" and certified the same to the Marion county board of review, which board of review thereupon, on August 13, 1920, ordered all assessments of real and personal property, other than those made directly by the state tax board, to be increased on property in Marion county in amounts varying from 20 per cent. to 50 per cent., depending on the nature of the property and the particular township in which it lay.

That taxes were levied and collected upon the basis of these increased assessments, but no increase was made of the assessments for the appellant's property or other property assessed directly by the state board.

That the statutes of Indiana, which provide for the refund of taxes wrongfully assessed, expressly state that no taxes shall be considered as having been wrongfully paid, or as having been wrongfully assessed, when same were extended on assessments made as the judgment of taxing officers authorized to make the same, and concerning which no complaints were registered at the time the same were made, either by application for

rehearing or by an appeal; that such statutes only permit a refund of county and state taxes, and that a statute was passed in 1927 which purported to permit refund of city and township taxes theretofore collected, which statute is averred to violate the Fourteenth Amendment to the Constitution of the United States.

That the taxpayers whose assessments had been increased did not complain at the time, but voluntarily paid the taxes so levied on the basis of the increased assessments for the years 1919, 1920, and 1921; that such taxpayers did not register any complaints at the time said assessments were made, or when they were paid, either by application for rehearing or by an appeal.

That the appellees take the position that all the taxpayers whose assessments were increased by the county board's order of August 13, 1920, are entitled, because said order was made without notice to taxpayers, to a refund of the taxes paid by them in excess of the taxes they would have paid, had said order never been made, notwithstanding the fact that the 1920 statute expressly authorized the county board of review to make such increased assessments, and notwithstanding the fact that such taxpayers registered no complaints at the time said assessments were made, either by application for rehearing or by appeal; and that appellees have declared and announced their purpose to effect such refunds without regard to the statutory provisions mentioned, and will make such refunds, if not enjoined from so doing, without requiring from any claimant any proof that such claimant registered complaint of his assessment, either by application for rehearing or by appeal.

That the appellees have declared their purpose to levy taxes in 1927 and 1928, and in the following years, to raise moneys for the payment of such refunds; that all of the tax money collected for the years 1919, 1920, and 1921 has been expended, and none of it now remains in the treasuries of the respective municipal corporations; that the total amount of such contemplated refunds has been declared by appellees to be over $8,000,000; that to make such refunds it will be necessary to levy and collect a tax over and above the taxes levied and collected for governmental purposes, which additional levy would amount to an additional tax of more than $12,000 on appellant's property; and that appellant, and others similarly situated, would not share in the proposed refund, because they were assessed directly by the state board of tax commissioners.

That such refunds would constitute a taking of the property of the appellant for the use and benefit of private persons, and not for public purposes, and would constitute a taking of the property of the appellant without due process of law, and would constitute a denial to the appellant of the equal protection of the laws, all in violation of section 1, article 14, of the Amendments to the Constitution of the United States.

The prayer is that the court enjoin the appellees from paying out any money for such refunds, from allowing any claim for refunds of taxes which were paid voluntarily, and from levying or collecting any taxes on appellant's property, or on the property of those similarly situated, for the purpose of raising money to pay such refunds.

Certain of the appellees moved to dismiss the bill for want of jurisdiction and upon grounds going to the merits. The District Court ordered the bill dismissed "for want of jurisdiction," but did not pass upon the merits. The only error assigned is that the court erred in dismissing the bill for want of jurisdiction.

Before the Act of February 13, 1925 (43 Stat. 153), an appeal from a decree of a District Court dismissing a bill for want of jurisdiction went directly to the Supreme Court. Since that act such a decree is appealable to the Circuit Courts of Appeals. We assume that the rules governing such appeals, as laid down by the Supreme Court in cases taken to it before the Act of February 13, 1925, are applicable to such cases now brought to the Circuit Courts of Appeals. This being the case, jurisdiction of the District Court to entertain the bill is the only matter to be considered upon this appeal.

■ In considering this question, we may look at the allegations upon the merits only to ascertain whether the bill makes a case really and substantially involving the construction or application of the Fourteenth Amendment. In substance and effect the bill alleges that the appellees, as taxing officers, are threatening and proceeding to levy and collect from appellant and those in like situation taxes to create a fund to be given to persons who are not, under the law, entitled to receive the same. Appellant contends that appellees have no power to take property from one individual and donate or give it to another. In support of this, Loan Association v. Topeka, 20 Wall. 655, 22 L. Ed. 455; Parkersburg v. Brown, 106 U. S. 487, 1 S. Ct. 442, 27 L. Ed. 238; Cole v. City of La Grange, 113 U. S. 1, 5 S. Ct. 416, 28 L. Ed. 896, are

cited. From these authorities it appears that the Legislature and, for the same reason, its creatures—municipal corporations, for example—cannot raise money by taxation for any but public purposes, and therefore cannot by taxation take property from one person and donate it to another.

Appellant contends that this is, in effect, what appellees are threatening and proceeding to do, and that to do this is to take its property without due process of law. Appellant also contends that the threatened action of appellees is an intentional discrimination against it (and the taxpayers in similar situation with it), and in favor of other taxpayers to whom the refunds are to be made, and that this is to deny to appellant and those in like situation the equal protection of the laws. If either contention is sound, the bill of complaint presents a case within the jurisdiction of the federal court.

But jurisdiction does not depend upon whether the bill makes a claim that is well founded. "Usually if the bill or declaration makes a claim that, if well founded is within the jurisdiction of the court it is within that jurisdiction whether well founded or not. * * * The logic of the general rule as to jurisdiction is obvious and the case should be decided upon the merits unless the want of jurisdiction is entirely clear." Hart v. Keith Vaudeville Exchange et al., 262 U. S. 271, 43 S. Ct. 540, 67 L. Ed. 977. In Binderup v. Pathé Exchange, 263 U. S. 291, 44 S. Ct. 96, 68 L. Ed. 308, it is stated: "Jurisdiction, as distinguished from merits, is wanting only where the claim set forth in the complaint is so unsubstantial as to be frivolous, or, in other words, is plainly without color of merit."

We cannot say that the claim set forth in appellant's bill—that appellees are threatening and proceeding to take from appellant, and those in like situation, their property, in violation of their constitutional rights—is so unsubstantial as to be frivolous, or that it is plainly without color of merit. In C. I. & W. R. Co. v. I. U. Ry. Co. et al., 270 U. S. 107, 46 S. Ct. 221, 70 L. Ed. 490, the court considered an appeal from an order dismissing, for want of jurisdiction, an ancillary petition in a railway foreclosure suit, and said: "The sufficiency of the petition in equity is not for us to consider. We have here only the question of jurisdiction. On that issue, we think the District Court was in error. * * * It may be that equity will not give it [petitioner] relief from mistake under the circumstances. It may be that it has acquiesced and may be denied relief on that account. It may be that it has been guilty of laches. But these are questions on the merits. We cannot see that they affect the jurisdiction of the court to consider the issue thus raised."

Whether the making of the refunds, as alleged, amounts to giving or donating the property of appellant to other persons, is a question upon the merits, and upon this we express no opinion; but appellant has the right, under the averments of its bill, to have the question, whether the threatened action is in violation of the federal Constitution, decided by a federal court.

Reversed and remanded.