**PERRY COUNTY, KY., v. CATHOLIC ORDER OF FORESTERS et al.**

No. 875.

District Court, E. D. Kentucky, at Lexington. Dec. 9, 1936.

Woodward, Dawson & Hobson, of Louisville, Ky., and D. B. Wooton, of Hazard, Ky., for plaintiff.

Rouse & Price, of Covington, Ky., for defendants.

FORD, District Judge.

This case is submitted upon the defendants' motion to dismiss the bill in equity upon the ground that the facts alleged are insufficient to support the cause of action asserted or to show plaintiff to be entitled to any relief in a court of equity.

The plaintiff, Perry County, is a political subdivision of the State of Kentucky, created for the local exercise of its sovereign powers. Its fiscal affairs are those of the state. The act of Congress of May 24, 1934, 48 Stat. 798 (see 11 U.S.C.A. §§ 301, 302, 303), by which the National Bankruptcy Laws were so amended as to extend their provisions to the aid of insolvent municipalities and other political subdivisions of the states, was declared unconstitutional by the Supreme Court in the case of Ashton v. Cameron County Water Imp. Dist., 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309 (decided May 26, 1936). The insolvency laws of the State of Kentucky do not apply to counties. Hence, in so far as the bill presents for consideration a proposed plan of debt adjustment based upon allegations of insolvency of the county and seeks to invoke the aid of the court to bring about acceptance or approval of the proposed plan or any plan providing for composition, extension, or other readjustment of the indebtedness of the county, or to have the court take any action whatsoever in the way of modifying such plan or substituting another, the court is clearly without jurisdiction. However meritorious such proposals may appear, the court has no power or authority to so interfere with or intrude upon the management or administration of the fiscal affairs of the county. If nothing more appeared in the bill, the motion to

dismiss would have to be sustained. A motion to dismiss, however, when directed to the entire bill, should not be sustained if the bill be not wholly devoid of merit.

In the case of General Investment Company v. Lake Shore & M. S. Ry. Co., 250 F. 160, 172 (C.C.A.6), the court said: "The motion to dismiss was, however, directed to the entire petition. It was formerly an established rule of equity practice that a demurrer to an entire bill must fail if any part of the bill was good against it, although if limited to the defective parts of the bill it would have been sustained. * * * And since the promulgation of Equity Rule 29 (198 F. xxvi, 115 C.C.A. xxvi [28 U.S.C.A. following section 723]) abolishing demurrers to bills in equity and substituting therefor motions to dismiss, it necessarily follows that such motions are to be governed by a like rule of practice."

▮▮▮ In addition to the matter above referred to, the bill sets out that the plaintiff now has on hand a fund derived from special tax assessments which is insufficient to pay in full numerous bondholders who have matured claims against it, of equal standing. It is further shown that grave doubts exist as to whether it is possible, in view of the limited taxing power of the county, for said fund to be so replenished, in the future, as to ever satisfy in full the bonds of the county which are solely dependent upon it for payment. If such be the true situation, and we must take the allegations of the bill as true in this respect in considering this motion to dismiss, it can scarcely be doubted that the distribution of this fund, which is in the nature of a trust fund, is a proper subject of equitable jurisdiction. Chelsea Savings Bank v. City of Ironwood, 130 F. 410 (C.C.A.6); Jewell v. City of Superior (C.C.A.) 135 F. 19, certiorari denied 198 U.S. 583, 25 S.Ct. 801, 49 L. Ed. 1173; Carteret Co. v. Woodmen (C. C.A.) 78 F.(2d) 337; Groner v. United States (C.C.A.) 73 F.(2d) 126; Norris v. Montezuma Valley Irr. Dist. (C.C.A.) 248 F. 369; and Hidalgo County Road

Dist. v. Morey, 74 F.(2d) 101 (C.C.A.5). Numerous other authorities in point are collected in the marginal appendix to the recent case of Town of Columbus v. Barringer (C.C.A.) 85 F.(2d) 908.

We need not now discuss what, if any, relief should be granted or whether upon equitable principles those who exercise vigilance should be rewarded by payment in full or the funds distributed pro rata to all persons having an equal claim. The determination of such questions must await the issues and final submission of the case upon its merits. For present purposes, it is sufficient to say that, although the bill may be defective in part, it is not so wholly frivolous as to be entirely without merit. Obviously, the facts set out in the bill are sufficient to show the plaintiff entitled to some equitable relief and, even though the ultimate relief be limited to merely the determination and declaration of the equitable principles upon which the trust fund now in hand should be distributed, that is sufficient to preclude disposition of the case, in limine, on the motion to dismiss. Hughes Federal Practice, § 4352.

A similar question is discussed in the case of Hart v. B. F. Keith Vaudeville Exchange et al., 262 U.S. 271, 274, 43 S. Ct. 540, 541, 67 L.Ed. 977. The court said: "It is enough that we are not prepared to say that nothing can be extracted from this bill that falls under the act of Congress, or at least that the claim is wholly frivolous. * * * It may be that what in general is incidental, in some instances may rise to a magnitude that requires it to be considered independently. The logic of the general rule as to jurisdiction is obvious and the case should be decided upon the merits unless the want of jurisdiction is entirely clear. What relief, if any, could be given and how far it could go it is not yet time to discuss."

Since the motion to dismiss is directed to the bill in its entirety, it must be overruled.

Let an order be drawn in accordance herewith.