I. William BIANCHI, Jr., and Quentin B. Sammis, Plaintiffs,

v.

Evans K. GRIFFING et al., Defendants.

No. 62 C 821.

United States District Court
E. D. New York.

April 8, 1963.

Frederic Block, Port Jefferson Station, N. Y., and Cahn & Cahn, Huntington, N. Y., Frederic Block, Port Jefferson Station, N. Y., Richard C. Cahn, Huntington, N. Y., of counsel, for plaintiffs.

George W. Percy, Jr., Suffolk County Atty., Stanley S. Corwin, Greenport, N. Y., of counsel, for defendants.

BRUCHHAUSEN, District Judge.

The defendants move to dismiss the complaint on the grounds that (1) no substantial federal question is raised; (2) the Court lacks jurisdiction over the subject matter; (3) the complaint fails to state a claim upon which relief can be granted; (4) the Court should abstain from exercising its equitable jurisdiction; and (5) there has been a failure to join an indispensable party.

THE COMPLAINT

██ The plaintiffs in their various capacities as citizens, taxpayers and voters of Suffolk County, New York, seek (1) judgment pursuant to 28 U.S.C.A. §§ 2201 and 2202 declaring invalid under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, so much of Section 203 of the Suffolk

County Charter which provides that the defendants, constituting the Board of Supervisors of said County, shall each have one vote as members of the said Board, and (2) an injunction to restrain the defendants from acting in their collective capacity as such Board until a constitutional change in the voting system is duly made and adopted pursuant to applicable law.

■ Jurisdiction is asserted and relief requested both under the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1988 and 28 U.S.C.A. § 1343(3) (4). Plaintiffs seek the convening of a three-judge court, pursuant to 28 U.S.C.A. § 2281 insofar as an injunction is sought restraining the enforcement or execution of a State statute.

It is alleged that each of the defendants resides in, and represents the voters of, one of the ten towns in Suffolk County; that the population of these towns varies from 1,367 to 191,280; that each defendant casts one vote without regard to the number of persons he represents; that the voting power is distributed solely on a geographic basis, that is one vote per town. It is further alleged that this arrangement arbitrarily exalts the voting strength of persons residing in the less populated towns, with no justification other than the present invidiously discriminatory geographic classification.

In Baker v. Carr, 369 U.S. 186, at page 199, 82 S.Ct. 691, at page 700, 7 L.Ed.2d 663, the Court held in part:

"Article III, § 2, of the Federal Constitution provides that 'The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *.' It is clear that the cause of action is one which 'arises under' the Federal Constitution. The complaint alleges that the 1901 statute effects an apportionment that deprives the appellants of the equal protection of the laws in violation of the Fourteenth Amendment. Dismissal of the complaint upon the ground of lack of jurisdiction of the subject matter would, therefore, be justified only if that claim were 'so attenuated and unsubstantial as to be absolutely devoid of merit,' Newburyport Water Co. v. Newburyport, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795, or 'frivolous,' Bell v. Hood, 327 U.S. 678, 683, [66 S.Ct. 773, 776, 90 L.Ed. 939]. That the claim is unsubstantial must be 'very plain.' Hart v. Keith Vaudeville Exchange, 262 U.S. 271, 274 [43 S.Ct. 540, 541, 67 L.Ed. 977]."

At page 200 of 369 U.S., at page 701 of 82 S.Ct., the Court further held in part:

"Since the complaint plainly sets forth a case arising under the Constitution, the subject matter is within the federal judicial power defined in Art. III, § 2, and so within the power of Congress to assign to the jurisdiction of the District Courts. Congress has exercised that power in 28 U.S.C. § 1343(3):

"'The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person * * * [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States * * *.'"

Mr. Justice Stewart in his concurring opinion at page 265, 82 S.Ct. at page 736 said in part:

"The Court today decides three things and no more: '(a) that the court possessed jurisdiction of the subject matter; (b) that a justiciable cause of action is stated upon which appellants would be entitled to appropriate relief; and (c) * * * that the appellants have standing to challenge the Tennessee apportionment statutes.'"

The fifth ground asserted for dismissal is not strongly urged nor is it tenable.

After due and careful evaluation of the allegations of the complaint and consideration of the authorities cited by counsel which were examined and distinguished in Baker v. Carr, supra, the issues presented are of such a nature as to warrant the convening of a three-judge court. The allegations present a justiciable constitutional cause of action upon which the plaintiffs are entitled to a trial and determination. The right asserted is within the scope of judicial protection under the Fourteenth Amendment.

The motion is denied without prejudice to its renewal before the three-judge court. Settle order on five (5) days' notice, in compliance with 28 U.S.C.A. § 2284.