**KEIL et al., Plaintiffs,**

v.

**SCHORR et al., Defendants.**

Civ. A. No. 3371.

United States District Court
D. Delaware.

March 15, 1968.

Sidney Balick, Wilmington, Del., for plaintiffs.

Frank O'Donnell, Wilmington, Del., for defendants.

Clarence W. Taylor, and E. Dickinson Griffenberg, Jr., Wilmington, Del., for intervenor, New Castle County and County Council.

Charles F. Richards, Jr., Wilmington, Del., for intervenor, John C. Kinahan.

## OPINION

BIGGS, Circuit Judge.[*]

The suit at bar was brought as a class action by the "Petitioners" (plaintiffs) on their own behalf and on behalf of all others similarly situated.[1]   The

[*] By designation.

[1] On December 26, 1967, the court entered an order conditionally declaring the suit at bar to be a class action within the purview of Rule 23, Fed.R.Civ.Proc., 28 U.S.C. but not one of a kind requiring

purpose of the suit, inter alia, is to have this court declare the present apportionment of the New Castle County Council to be in violation of the equal protection clause of the 14th Amendment. The New Castle County Council is a non-sovereign county governing body which possesses both administrative and legislative functions. See Sections 1141 to 1167, Title 9, Del.C. and the ordinances enacted by the Council as demonstrated by the stipulations in the instant case (D-9).

■ The case is not one apt for adjudication by a three-judge court even though the constitutionality of a state statute is involved. See Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed. 2d 643 (1967), and Dusch v. Davis, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967). In the light of this court's disposition of the case at bar it will be assumed *arguendo* that the court has jurisdiction of the subject matter and of

the parties and should adjudicate the issues presented.[2]

The plaintiffs are citizens of Delaware who reside within the political geographic area of the County Council of New Castle County. The "Respondents" (defendants) are the president and other members of the Department of Elections of New Castle County and the Department's secretary. The members of the New Castle County Council have been permitted to intervene as parties defendant, as has Kinahan, a citizen of Delaware and a resident of New Castle County.

The County Council of New Castle County consists of seven members elected from seven councilmanic districts including one district comprising all of New Castle County.[3] The terms of office of the councilmen are for four years. 9 Del.C. § 1141. The County Council Act became effective January 3, 1967. Section 1164, 9 Del.C., provides that the election districts of county councilmen

---

the notice prescribed in Rule 23(c) (2). See Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, Rules Edition, 1966 pocket part, Sections 561–563, note 6, 1966 amendment. See Advisory Committee's Note, Moore's Federal Practice, 2d ed., Vol. 3, 1966 Supplement, p. 233, et seq. See also, "Some Preliminary Observations Concerning Civil Rule 23", by Marvin E. Frankel, 43 Fed.Rules Decisions, p. 39 et seq. Concurrently with the filing of this opinion the order has been made absolute.

2. There are decisions by United States district courts and by at least one United States court of appeals holding that the principle of one person, one vote is applicable to the apportionment of subordinate elective governing bodies of a state. See Davis v. Dusch, 361 F.2d 495 (4 Cir. 1966), reversed on other grounds, 387 U.S. 112, 87 S.Ct. 1554, 18 L.Ed.2d 656 (1967); Delozier v. Tyrone Area School Board, 247 F.Supp. 30 (W.D.Pa. 1965); Ellis v. Mayor and City Council of Baltimore. 234 F.Supp. 945 (D.Md. 1964), aff'd, 352 F.2d 123 (4 Cir. 1965); Bianchi v. Griffing, 217 F.Supp. 166, 238 F.Supp. 997 (E.D.N.Y.1963, 1965). Cf. Lynch v. Torquato, 343 F.2d 370 (3 Cir. 1965). But see Johnson v. Genesee County, 232 F.Supp. 567, 569–572 (E.D.

Mich.1964); cf. Detroit Edison Co. v. East China Township School District No. 3, 247 F.Supp. 296, 300–301 (E.D.Mich. 1965).

Decisions of state courts which apply the doctrine of one person, one vote to subordinate bodies follow: Seaman v. Fedourich, 16 N.Y.2d 94, 262 N.Y.S.2d 444, 209 N.E.2d 778 (1965); State ex rel. Sonneborn v. Sylvester, 26 Wis.2d 43, 132 N.W.2d 249 (1965); Hanlon v. Towey, 274 Minn. 187, 142 N.W.2d 741 (1966); Montgomery County Council v. Garrott, 243 Md. 634, 222 A.2d 164 (1966); Armentrout v. Schooler, Mo., 409 S.W.2d 138 (1966); Bailey v. Jones, 81 S.D. 617, 139 N.W.2d 385 (1966) and Miller v. Board of Supervisors of Santa Clara County, 63 Cal.2d 343, 46 Cal. Rptr. 617, 405 P.2d 857 (1965). Many of these opinions make specific reference to Reynolds v. Sims, 377 U.S. 533, 84 S. Ct. 1362, 12 L.Ed.2d 506 and the principle of one person, one vote.

3. The present County Council consists of nine members and not seven, since two hold-over members of the Levy Court of New Castle County are made members of the Council until their terms of office as Levy Court Commissioners expire. This fact has no significance in our present consideration.

shall be based upon General Assembly senatorial districts as set out in Section 54, Del.Laws, Ch. 361.[4] Section 1164 provides:

*"Councilmanic districts; boundaries*

The Boundaries of the 7 councilmanic districts shall be as follows:

### District 1

### (Wilmington)

The boundaries of the first councilmanic district in the City of Wilmington shall comprise all of the First and Second General Assembly Senatorial Districts, as described in 54 Del.Laws, Ch. 361.

### District 2

### (Wilmington)

The boundaries of the second councilmanic district in the City of Wilmington shall comprise all of the Third and Fourth General Assembly Senatorial Districts, as described in 54 Del.Laws, Ch. 361.

### District 3

The boundaries of the third councilmanic district shall comprise all of the Fifth and Sixth General Assembly Senatorial Districts, as described in 54 Del.Laws, Ch. 361.

### District 4

The boundaries of the fourth councilmanic district shall comprise all of the Seventh and Eighth General Assembly Senatorial Districts as described in 54 Del.Laws, Ch. 361.

### District 5

The boundaries of the fifth councilmanic district shall comprise all of the Ninth and Tenth General Assembly Senatorial Districts as described in 54 Del.Laws, Ch. 361.

### District 6

The boundaries of the sixth councilmanic district shall comprise all of the Eleventh and Twelfth General Assembly Senatorial Districts, as described in 54 Del.Laws, Ch. 361.

### District 7

The boundaries of the seventh councilmanic district shall comprise all of the New Castle County."

———◆———

It will be observed that the four senatorial districts of Wilmington comprise two councilmanic districts, that the eight senatorial districts of Rural New Castle

---

4. See note 2 cited to the text, Sincock v. Gately, 262 F.Supp. 739, at 743 (D.Del.1967).

County are combined to provide four councilmanic districts, and that the seventh district comprises all of New Castle County [5],[6] all as described in Section 1164, 9 Del.C., supra.

Section 1165, 9 Del.C., provides that the County Council shall redistrict itself after the Federal decennial census of 1970 and to accomplish such redistricting shall appoint a Redistricting Commission, "by January 1, 1974, or earlier, if official census figures for census tracts are made available, and every tenth year thereafter * * *."

The plaintiffs insist that the New Castle County Council is malapportioned to such an extent that it deprives the citizens of New Castle County of equal protection of the laws and that the Council under the circumstances at bar may not reapportion itself. The position of the New Castle County Council intervenors is not that the County Council has or has not been apportioned in accordance with the one person, one vote principle of Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), but is that if the court should find malapportionment of such proportions as to fall within the interdiction of the ruling of the cited case, the Council has the power to and must reapportion itself. Intervenor Kinahan asserts that the principle of Reynolds v. Sims, supra, is not applicable at the "county level", that the present councilmanic districts do not violate the principle of one person, one vote, that Section 1164, 9 Del.C., meets the minimal standards required for a reasonably sound scheme of legislative representation in New Castle County,

and finally that if the court should find the present apportionment to be unconstitutional the Council has the power to and must reapportion itself. The original defendants, "Respondents", have answered the complaint, have admitted its allegations, and ask only that the General Assembly of Delaware be given an opportunity to reapportion the districts of the County Council, if the statute be held unconstitutional.

The foregoing sets forth in substance the contentions of the parties.[7] Stipulations were entered into whereby it was agreed that the records and findings of fact in the Delaware State reapportionment cases, reported at Sincock v. Duffy, D.C., 215 F.Supp. 169 and Sincock v. Gately, D.C., 262 F.Supp. 739, should be made part of the record in the instant case and were, minor errors aside, correct. Other matter was stipulated into the record as will appear upon examination and the court has made available to the parties the 1967 Special Federal Census figures of the State of Delaware and accompanying maps pertinent to a reapportionment of New Castle County. The court takes judicial notice of the census material referred to and finds it to be substantially accurate.

Argument was had as to whether the 1960 federal Decennial Census or the Special Delaware Federal Census of 1967 should be the basis for determining the validity of the apportionment. Counsel for the parties took the view that the 1960 Decennial Census figures should govern in the instant case.[8] The court agrees. See Wells v. Rockefeller, Governor of New York, 273 F.Supp. 984

---

5. For the election of the president of the Council at large.

6. References in this opinion to the "City of Wilmington" ("Wilmington") require no explanation. The phrase "Rural New Castle County" refers to that portion of New Castle County lying outside the City of Wilmington. The phrase "New Castle County" refers to the whole of New

Castle County including Wilmington and Rural New Castle County.

7. Two pretrial conferences were held at which the issues were determined substantially as set forth above.

8. Save only counsel for the original defendants who took no position on this issue.

(S.D.N.Y.), aff'd per curiam *sub nom.* Rockefeller, Governor, et al. v. Wells, 389 U.S. 421, 88 S.Ct. 578, 19 L.Ed.2d 651 (1967).

As to the 1960 census figures it is noted that the apportionment of the senatorial districts of New Castle County are set out in Table VII of the opinion in Sincock v. Gately, 262 F.Supp. 739, at 770. Table VII shows that the first senatorial district of Wilmington had a population of 23,563 persons; the second senatorial district, 23,724 persons; the third senatorial district, 24,630 persons; the fourth senatorial district, 23,910 persons; and that in Rural New Castle County the fifth senatorial district had a population of 26,860 persons; the sixth senatorial district, 27,715 persons; the seventh senatorial district, 26,915 persons; the eighth senatorial district, 25,686 persons; the ninth senatorial district, 26,470 persons; the tenth senatorial district, 25,964 persons; the eleventh senatorial district, 26,410 persons; and the twelfth senatorial district, 25,896 persons.

It will be observed that the first councilmanic district in the City of Wilmington created pursuant to Section 1164, 9 Del.C., comprises the first and second senatorial districts; the second councilmanic district in Wilmington comprises the third and fourth senatorial districts; the third councilmanic district comprises the fifth and sixth senatorial districts; the fourth councilmanic district comprises the seventh and eighth senatorial districts; the fifth councilmanic district comprises the ninth and tenth senatorial districts; and the sixth councilmanic district comprises the eleventh and twelfth senatorial districts. The seventh councilmanic district comprises all of New Castle County in order that the president of the Council may be elected at large.

It follows, therefore, that under the 1960 census, the first councilmanic district (Wilmington) had an estimated population of 47,287 persons; the second councilmanic district (Wilmington) had an estimated population of 48,540 persons; the third councilmanic district had an estimated population of 54,575 persons; the fourth councilmanic district had an estimated population of 52,601 persons; the fifth councilmanic district had an estimated population of 52,434 persons; and the sixth councilmanic district had an estimated population of 52,306 persons. The last four councilmanic districts designated are in Rural New Castle County. We have set out in the following columns, to aid comparison, the councilmanic districts and their estimated populations:

| District | Estimated Population |
|---|---|
| Wilmington: | |
| No. 1 | 47,287 |
| No. 2 | 48,540 |
| Rural New Castle: | |
| No. 3 | 54,575 |
| No. 4 | 52,601 |
| No. 5 | 52,434 |
| No. 6 | 52,306 |
| Total | 307,743 |

The norm, of course, employing the 1960 census, is arrived at by dividing six, the number of councilmen excluding the President, elected at large, and the two hold-over Levy Court Commissioners, note 3, supra, into 307,743. The norm, therefore, is 51,290.5 persons.

The first councilmanic district had the smallest population estimated to be 47,287 persons. The third councilmanic district had the largest population estimated to be 54,575 persons. If we subtract 47,287 from 54,575 we arrive at the figure 7,288. The ratio, therefore, of the population of the *highest councilmanic district* to that of the lowest is 1.15–1. The percentage population difference between the highest and the lowest councilmanic districts is approximately 15 percent. If we use the norm of 51,290, we find that the deviation between the highest and the norm is plus 3,285 persons and

the deviation between the lowest and the norm is minus 4,003 persons. The largest district is 6.4% larger than the average or norm in estimated population of 51,290.5 and the smallest district is 8.5% below the average or norm in estimated population. The largest over-all deviation therefore is 14.9%.

If we take the differences between the norm and the estimated populations of the six districts we find them to be as set out below:

| 1st district | —8.5% |
| 2nd district | —5.7% |
| 3rd district | +6.4% |
| 4th district | +2.6% |
| 5th district | +2.2% |
| 6th district | +2.0% |

As can be noted readily from the percentages, half of the councilmanic districts deviate from the norm, or perfect representative district, by less than 3%. In no case is the deviation greater than 8.5%.

■ In Toombs v. Fortson, 241 F. Supp. 65, 70 (N.D.Ga.1965), the court based "any test as to the reasonableness of variances on the departure figure of 15%". The Supreme Court affirmed Fortson without opinion 384 U.S. 210, 86 S.Ct. 1464, 16 L.Ed.2d 482 (1966). I also have in mind that the Supreme Court, sub nom. Rockefeller v. Wells, supra, affirmed, also without opinion, the decision in Wells v. Rockefeller, supra, wherein, the three-judge court disapproved variances from the norm in the apportionment of the State of New York which did not exceed 15.1% but where nonetheless the difference between the highest and the lowest representative districts in population was 29.5%. Cf. the ruling in Sincock v. Gately, supra, 262 F.Supp., at 825–826. I am aware also that in Swann v. Adams, 385 U.S. 440, 445, 87 S.Ct. 569, 17 L.Ed.2d 501 (1967), the Supreme Court stated that the approval or disapproval of a variance in

one state has little bearing on a similar variance in another state. I gather from the foregoing that each individual case should be considered on the basis of its individual facts. I point out, however, as a fact entitled to salient weight here, that the three-judge court in Sincock v. Gately, No. 2470, District of Delaware, deemed acceptable and, in substance, approved deviations in the senatorial districts of Delaware, statewide, of 10.7%. The percentage difference between the largest and smallest districts under H.B. 442, the new Delaware apportionment statute enacted on January 10, 1968, — Del.C. —, is only 4.2% less than the most extreme difference to be found under the New Castle County Council Act.

■ Upon consideration of all the facts and the law, I conclude that the apportionment created by the New Castle County Council Act should not be disrupted and a new apportionment required upon deviations and differences which here are not really significant. I hold that the plaintiffs have not demonstrated that the present apportionment of the New Castle County Council is impermissible or denies to the inhabitants of New Castle County equal protection of the laws.

Findings of fact and conclusions of law are set out in this opinion in accordance with Rule 52(a), Fed.R.Civ.Proc., 28 U.S.C.

In the light of the rulings made herein it is unnecessary to adjudicate other issues raised by the parties.

I am of the opinion that the suit must be dismissed.

An order unconditionally decreeing the suit at bar to be a class action within the purview of Rule 23, Fed.R.Civ.Proc., 28 U.S.C. will be filed contemporaneously with this opinion. Notice of the proposed dismissal will be required to be published in accordance with Rule 23(e), 28 U.S.C.