NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JAMEEL IBRAHIM,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-2300

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00760-CFL, Senior Judge Charles F. Lettow.

_____

Decided:  February 7, 2020

_____

JAMEEL IBRAHIM, Newark, NJ, pro se.

ERIN MURDOCK-PARK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before LOURIE, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

Mr. Jameel Ibrahim appeals from a decision of the United States Court of Federal Claims (the "Claims Court"), dismissing his complaint against the United States for an alleged breach of an implied-in-law contract. *Ibrahim v. United States*, No. 1:19-cv-00760-CFL, 2019 WL 3384849 (Fed. Cl. July 26, 2019) ("*Decision*"). Because the Claims Court correctly concluded that it lacked subject matter jurisdiction pursuant to the Tucker Act, we *affirm*.

## BACKGROUND

Ibrahim filed a complaint in the Claims Court in May 2019, alleging that the United States breached an "implied by law" contract it had made with Ibrahim on April 26, 2000. The Claims Court allowed Ibrahim to supplement his complaint shortly thereafter. Supplement to Complaint, *Ibrahim v. United States*, No. 1:19-cv-00760-CFL, 2019 WL 3384849 (Fed. Cl. May 28, 2019), ECF No. 5. It appears from this Supplement that the "contract" Ibrahim refers to is a child support order from the state court system of New Jersey.

On January 23, 2019, Ibrahim sent a twelve-page letter to various officials of the State of New Jersey, cabinet secretaries, and the Supreme Court of the United States, styled a "Conditional Acceptance for the Value/Agreement/Counter Offer to Acceptance of Offer." Supplement at 7. In the letter, Ibrahim alleged that he had "received [these parties'] offer and accept[ed]" it, subject to conditions set forth in the rest of the letter—for the most part, demands that the recipients justify the existence of various governmental agencies and practices. *Id.* The letter asserts that failure to do would result in "default," and in turn, an obligation to pay Ibrahim $3.5 million in damages. *Id.* at 14.

The Claims Court dismissed Ibrahim's complaint, concluding that he had failed to establish the Claims

Court's jurisdiction over his action because, among other reasons, Ibrahim had failed to plausibly allege that any contract existed between him and the United States. *Decision*, 2019 WL 3384849, at *3–4. The Claims Court also held that dismissal would be proper under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims because Ibrahim's complaint "allege[d] implausible facts about an alleged contract between him and the United States government" and provided only the signed letter sent by Ibrahim as support for his allegations. *Id.* at *4.

Ibrahim then filed this appeal. We have appellate jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review dismissals by the Claims Court for lack of jurisdiction *de novo*. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by "supporting [his] allegations by competent proof." *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). A *pro se* plaintiff is entitled to a liberal construction of his complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but this leniency does not lessen his burden of establishing the Claims Court's subject matter jurisdiction, *see Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The Claims Court is a court of limited subject matter jurisdiction. *See Terran ex rel. Terran v. Sec'y of Health & Human Servs.*, 195 F.3d 1302, 1309 (Fed. Cir. 1999). It has jurisdiction to "render a judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a). Establishing subject matter jurisdiction is a threshold issue, *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010), and every federal court has an "independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a

challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). In deciding whether there is subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *See Shearin v. United States*, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993).

Ibrahim principally argues that the Claims Court erred in dismissing his complaint because he failed to establish the existence of a contract between him and the United States. He contends that his letter was a "counter-offer" and that the government's failure to respond constituted an acceptance of a default, unilateral contract.

The government responds that Ibrahim did not plausibly allege the existence of a contract and therefore could not invoke the jurisdiction of the Claims Court. The government further argues that, even viewed charitably, Ibrahim's letter is no more than a conditional counteroffer, and thus, not a contract.

We agree with the government that Ibrahim failed to meet his burden of establishing the jurisdiction of the Claims Court. A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction "if the claim is 'wholly insubstantial and frivolous.'" *Lewis v. United States*, 70 F.3d 597, 602–04 (Fed. Cir. 1995) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)). As the Claims Court concluded, Ibrahim's complaint and supplement do not set forth any non-frivolous factual allegations from which the Claims Court could have plausibly concluded that Ibrahim had a contract with the United States government. Instead, it only appears that Ibrahim sent several governmental officials an unsolicited letter, which is not a contract. *Cf. Wells Fargo Bank, N.A. v. United States*, 88 F.3d 1012, 1019 (Fed. Cir. 1996) ("[T]he essence of a unilateral

contract is that one party's promise is conditional upon the other party's performance of certain acts and when the other party performs, *the first party* is bound." (emphasis added)).  In other words, an offeree's failure to respond to an unsolicited offer does not create a contract, regardless of any contrary terms in the offer.

Even if Ibrahim's letter were responsive to a previous communication of the United States government—a scenario which is both wholly unsupported by the pleadings and highly improbable—a conditional counteroffer does not form a contract.  *See First Commerce Corp. v. United States*, 335 F.3d 1373, 1381 (Fed. Cir. 2003) ("A reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is not an acceptance but is a counter-offer."    (quoting RESTATEMENT (SECOND) OF CONTRACTS § 59 (1979))).  Contract law does not permit one to send unsolicited letters to the government (or anyone else) declaring that a failure to respond to the letter constitutes both formation and breach of a contract, entitling the sender to liquidated damages.

In addition, to the extent Ibrahim alleges that his contract with the United States was implied-in-law, the Supreme Court has "repeatedly held that [Tucker Act] jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (collecting cases).  Thus, the Claims Court would still have been required to dismiss Ibrahim's complaint for lack of subject matter jurisdiction.

Because we conclude that the Claims Court correctly held that it lacked subject matter jurisdiction, we need not

reach its alternative ground of dismissal for failure to state a claim under Rule 12(b)(6).[1]

CONCLUSION

We have considered the rest of Ibrahim's arguments but find them unpersuasive. For the foregoing reasons, the judgment of the Claims Court is

**AFFIRMED**

---

[1]    We have previously noted that, while dismissal for lack of subject matter jurisdiction may be appropriate in some frivolous cases, "the Supreme Court has made clear that such jurisdictional dismissals for frivolousness must be 'confin[ed]' to cases 'that are very plain.'" *Lewis*, 70 F.3d at 603–04 (Fed. Cir. 1995) (quoting *Hart v. B.F. Keith Vaudeville Exch.*, 262 U.S. 271, 274 (1923)). And unlike dismissal for failure to state a claim, jurisdictional dismissal does not give rise to claim preclusion. *See Lewis*, 70 F.3d at 603.