430 F.2d 1155
 Thomas W. MITCHELL, etc., Plaintiff-Appellee,
v.
The LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, Defendant-Appellant.
Raymond S. PRATS, Sr., Plaintiff-Appellee,
v.
The LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, Defendant-Appellant.
Vincent H. MANCUSO, Sr., Plaintiff-Appellee,
v.
The LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, Defendant-Appellant.
 No. 28762.
 United States Court of Appeals, Fifth Circuit.
 August 5, 1970.
 
 Bascom D. Talley, Jr., Charles M. Hughes, Bogalusa, La., for appellant; Talley, Anthony, Hughes & Knight, Bogalusa, La., of counsel.
 William Norris, III, West Monroe, La., Remy F. Gross, II, LaPlace, La., Francis J. Demarest, Jr., New Orleans, La., Lawson L. Swearingen, Jr., Norris & Joiner, West Monroe, La., for appellees.
 Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.
 GEWIN, Circuit Judge:
 
 
 1
 The Louisiana High School Athletic Association (hereinafter, LHSAA) appeals from judgments entered in three consolidated cases enjoining LHSAA from enforcing certain rules concerning the eligibility of high school athletes. The suits were brought in the district court by the parents of James H. Mitchell, Raymond S. Prats, Jr., and Vincent H. Mancuso, Jr. (hereinafter, the students), after each of the students had been ruled ineligible to compete in interscholastic athletics during their senior year of high school. The district court held that the rule upon which the disqualifications were based was constitutionally defective. We vacate the judgments.
 
 
 2
 LHSAA is an unincorporated association of Louisiana high schools which coordinates and regulates the interscholastic athletic competition among its members.[1] As a part of its regulatory function, LHSAA promulgates and enforces eligibility rules for participants in its competitive program. Its basic eligibility rule, known as the "Eight Semester Rule," provides in part:
 
 
 3
 A student must not have attended high school for eight semesters. (Attendance in school for twenty days shall be counted as a semester's attendance.)
 
 
 4
 Beginning with the sixth grade, a student repeating any grade in school which he has passed shall lose his fourth year of eligibility in high school. NOTE: This does not apply to a student repeating a grade because of failure in that grade.
 
 
 5
 The three students involved in these consolidated cases attended the eighth grade during the 1964-1965 school year. Each successfully completed the course requirements for that grade, but elected voluntarily to repeat it during the 1965-1966 school year. The following school year the students entered high schools which were members of LHSAA. Subsequently, officials of their respective high schools questioned the eligibility of the students to participate in interscholastic athletics during their senior year. James H. Mitchell obtained a decision by the Commissioner of LHSAA, and on appeal by its Executive Committee. Each of the students was ruled ineligible for the school year 1969-1970, under the provisions of paragraph two of the "Eight Semester Rule" as set out above.
 
 
 6
 The parents of the students filed separate actions on behalf of the students in the district court contending that the subject regulation violated their rights under the due process and equal protection clauses of the fourteenth amendment. The suits sought a declaration that the pertinent portion of the "Eight Semester Rule" is unconstitutional and prayed for appropriate injunctive relief against LHSAA. The court declared that LHSAA's eligibility formula violated the equal protection clause in two respects: (1) LHSAA had failed to give reasonable notice of its rule to grammar and junior high schools, whose students could be adversely affected by its provisions. (2) The rule grants the privilege of senior year athletic eligibility to students who repeated a pre-high school grade due to failure, but penalized those who repeated for other valid reasons. The court permanently enjoined LHSAA from preventing the students from participation in interscholastic athletics during the 1969-1970 school year.[2]
 
 
 7
 We have searched the present record in vain for a definitive allegation or statement of the district court's jurisdiction. However, inasmuch as the complaints allege that the cases arise under the fourteenth amendment and do not allege a jurisdictional amount, jurisdiction, if available, must rest on 28 U.S.C. § 1343(3).[3] In Oklahoma High School Athletic Association v. Bray,[4] the Tenth Circuit considered a similar claim. A high school student contended that his association had unconstitutionally deprived him of his right to play football through the application of a residence rule.[5] The court stated:
 
 
 8
 [T]he potential jurisdiction of the Civil Rights Act cannot be used as sham for a review of the acts of the Board of Control [of the Athletic Association] which do not involve a civil right. In the case at bar, once the pleadings were pierced at pre-trial, it became apparent that Bray's grievance with the Athletic Association lay only with the application of its residence rule, the Board's refusal to grant an exception for hardship, and a general attack upon the amount of power delegated by the high schools to the Association. Such complaints are not within federal cognizance, are not subject to review in federal court. * * * Had this case not been voluntarily dismissed by plaintiff it would have been the duty of the trial court, upon the present record, to have dismissed it for lack of a federal question.[6]
 
 
 9
 The present case can fare no better. 28 U.S.C. § 1343 grants a district court jurisdiction to redress a deprivation, under color of state law, of a right or privilege secured by the Constitution or federal law. While it is clear that LHSAA'S disqualification of the students is state action for constitutional purposes,[7] neither of appellees' allegations raises a substantial federal question.
 
 
 10
 The contention that LHSAA failed to give reasonable notice of the pertinent eligibility rules alleges a denial of due process, though both the court and the appellees denominate it an equal protection violation.[8] For better or worse, the due process clause of the fourteenth amendment does not insulate a citizen from every injury at the hands of the state. "Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states."[9] The privilege of participating in interscholastic athletics must be deemed to fall in the latter category and outside the protection of due process.[10]
 
 
 11
 A claimed denial of equal protection by state action does arise under the Constitution and would normally be within the district court's jurisdiction under 28 U.S.C. § 1343, unless unsubstantial or frivolous.[11] Appellees alleged that the students, as a part of the class of those students who repeated lower grades for reasons other than failure, had been the victims of an invidious discrimination. Upon examination, it is "very plain"[12] that this contention is without merit. The classification made by the eligibility regulation is neither inherently suspect[13] nor an encroachment on a fundamental right.[14] On the other hand it is grounded in, and reasonably related to, a legitimate state interest.[15]
 
 
 12
 The eligibility rules of LHSAA are designed to assure fair competition among its member schools, and between individuals; and to minimize the hazard of having the usual high school athletes competing with older, more skilled players. In judging the utility of the regulations to this legitimate purpose, it is important to note that the rule developed gradually in response to developing circumstances. The "Eight Semester Rule" was first adopted to prevent high schools from failing talented senior athletes in order to retain a veteran team. The clause in question was added when it appeared that some high school coaches were obtaining the same result by having promising athletes repeat prehigh school grades. These individuals would have the same advantage of additional maturity and experience, and hence pose the same threat to fair competition and safety, when they reached high school. LHSAA decided that the new provision should not apply to those students repeating grades because of academic failure for two reasons: (1) It was felt that failure constituted an overriding consideration not as likely to be influenced by athletic considerations. (2) Students who repeated because of failure were already sanctioned by another rule.[16] Whether or not LHSAA was absolutely correct in this judgment,[17] the equal protection clause permits it to deal with the problem "`one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind,' Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563, 573 (1955); and [it] need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked."[18] Even if there is a serious gap in LHSAA's eligibility regulations, it does not raise to constitutional dimensions and carry with it the entire bulwark.
 
 
 13
 The judgments appealed from are vacated and the cases remanded to the district court which is directed to dismiss the complaints.
 
 
 14
 Vacated and remanded with directions.
 
 
 
 Notes:
 
 
 [1]
 See Louisiana High School Athletic Ass'n. v. St. Augustine High School, 396 F.2d 224 (5th Cir. 1968); Marino v. Waters, 220 So.2d 802 (La.Ct.App.1969)
 
 
 [2]
 From the point of view of the original protagonists, the controversy is now moot. The 1969-1970 school year is ended, and we assume that the students "played out their options" under the aegis of the district court. However, the continuing impact of the decision on LHSAA's eligibility regulations prevents this appeal from being mootSee Oklahoma High School Athletic Ass'n. v. Bray, 321 F.2d 269, 272 (10th Cir. 1963).
 
 
 [3]
 28 U.S.C. § 1343 provides in part:
 The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
 * * * * * *
 (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States:
 A comparable action is created by 42 U.S.C. § 1983.
 
 
 [4]
 321 F.2d 260 (10th Cir. 1963)
 
 
 [5]
 InBray the parties initially agreed to a dismissal of the action in the district court. However, the student's complaint became pertinent on appeal when his local school board, originally a party defendant, revived the action and obtained an injunction against the athletic association.
 
 
 [6]
 321 F.2d at 273
 
 
 [7]
 Louisiana High School Athletic Ass'n. v. St. Augustine High School, 396 F.2d 224, 227-228 (5th Cir. 1968); Oklahoma High School Athletic Ass'n. v. Bray, 321 F.2d 269, 272-273 (10th Cir. 1963)
 
 
 [8]
 Appellees did not allege and the court did not find that there was a similarly situated group which was given notice of the regulation in questionSee Johnson v. Hood, 430 F.2d 610 (5th Cir. 1970). This provision was aimed squarely at grades six, seven, and eight, and it does not appear that any school encompassing these grades was given formal notice. High school students who repeat grades are not similarly situated. If they have actual notice, it is a result of their school's membership in LHSAA, and they are subject to sanction under a different rule — the original eight semester limitation.
 
 
 [9]
 1 W. Barron & A. Holtzoff, Federal Practice § 37 at 200 (Wright ed. 1960)
 
 
 [10]
 See Johnson v. Hood, 430 F.2d 610 (5th Cir. 1970).
 
 
 [11]
 Baker v. Carr, 369 U.S. 186, 199, 82 S. Ct. 691, 7 L.Ed.2d 663 (1962)
 
 
 [12]
 SeeId., citing Hart v. B. F. Keith Vaudeville Exchange, 262 U.S. 271, 274, 43 S.Ct. 540, 67 L.Ed. 977 (1923).
 
 
 [13]
 E. g. a classification based on race, as was the case in Louisiana High School Athletic Ass'n. v. St. Augustine High School.
 
 
 [14]
 E. g. the right to vote as in Baker v. Carr.
 
 
 [15]
 Where neither a suspect classification nor a fundamental interest is involved, judicial deference in state regulatory matters is considerable. Developments in the Law — Equal Protection, 82 Harv.L.Rev. 1065, 1076-1087 (1969)
 
 
 [16]
 Students who repeat a grade because of failure are ineligible to compete during the following semester. Appellees' equal protection argument asserts that this disability is not as severe as the loss of senior year eligibility in the case of the present students
 
 
 [17]
 The appellees contend that the objectives of the rule could be and are being circumvented by having the potential athletes fail pre-high school grades. At the time of trial an amendment was pending for action at LHSAA's next annual meeting which was addressed to this problem
 
 
 [18]
 McDonald v. Board of Election Comm'rs., 394 U.S. 802, 809, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969)See McGowan v. Maryland, 366 U.S. 420, 81 S. Ct. 1011, 6 L.Ed.2d 393 (1961); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).