Sandra **POCKLINGTON**, Plaintiff,

v.

The **DUVAL COUNTY SCHOOL BOARD**, a body corporate, and Dr. Cecil D. Hardesty, Superintendent of Schools, Defendants.

No. 72–246–Civ–J.

United States District Court,
M. D. Florida,
Jacksonville Division.

June 13, 1972.

William H. Manes, Jacksonville, Fla., for plaintiff.

T. Edward Austin, Jr., Gen. Counsel, David U. Tumin, Asst. Counsel, and Yardley D. Buckman, Asst. Counsel, Jacksonville, Fla., for defendants.

FINAL JUDGMENT

WILLIAM A. McRAE, Jr., Chief Judge.

Plaintiff Sandra Pocklington has been employed by defendants as a teacher of first grade pupils. She was advised by her physician that she might expect to be delivered of a child on or about August 21 of this year. Plaintiff's Exhibit No. 3. Plaintiff gave this information to the school authorities and requested a leave of absence to begin June 13, 1972. The request was denied and she was instead required to begin her leave of absence on April 8, 1972, after four and a half months of pregnancy, in accordance with a long-standing policy on maternity

leaves.* Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(1), (3), challenging the acts of the school authorities as being a deprivation under color of state law of rights secured to her by the fourteenth amendment.

On April 21, 1972, plaintiff obtained a preliminary injunction requiring the defendants to permit her to resume her normal teaching duties beginning April 24, 1972. The question now before the Court is whether the preliminary injunction should be made final and whether defendants owe plaintiff wages for the two-week period she was on involuntary maternity leave. The Court today holds that the injunction should be made final and that back wages should be awarded.

The only evidence adduced subsequent to the hearing on the preliminary injunction, a deposition of testimony by a physician, amply supports the finding that classifying pregnant school teachers for the purpose of defendants' mandatory leave policy has no rational basis. Deposition of James F. Hayes, M. D. Dr. Hayes testified: "I know of no medical reason why a pregnant school teacher who is progressing normally should not continue to work practically until her due date." At 11. When asked if there were any other view within the medical profession, Dr. Hayes answered: "I am not familiar with any other." At 17. Although defendants were requested to furnish the Court with evidence of medical justification for the maternity leave policy, none was forthcoming.

Other courts have treated similar situations as presenting an equal protection problem since pregnant school teachers are treated differently from other school teachers for purposes of applying a mandatory leave policy. On this rationale, they have granted relief to plaintiffs in Mrs. Pocklington's position. Williams v. San Francisco Unified School District, 340 F.Supp. 438 (N.D.Cal., filed March 21 1972); Cohen v. Chesterfield County School Board, 326 F.Supp. 1159 (E.D. Va. 1971); Carruth v. Avila, Civil No. 237274 (Super.Ct.Ariz., filed October 26, 1971). *Contra,* La Fleur v. Cleveland Board of Education, 326 F.Supp. 1208 (N.D.Ohio 1971); Cerra v. East Stroudsburg Area School District, 3 Pa. Cmwlth. 665, 285 A.2d 206 (1971). The Court today holds that plaintiff has been denied equal protection of the laws by the application of defendants' maternity leave policy.

---

\*  **EXHIBIT A**

A maternity leave must be requested immediately after pregnancy is determined, or not later than five full months prior to the expected date of confinement; or, in the case of adoption, the expected date for delivery of the child to the parents. Maternity leave is mandatory and shall begin not later than the first day of a semester or the first day of the nine week report period, or twelve weeks before anticipated date of delivery, whichever shall come first.

Requests for maternity leave shall be made on a regular leave form and submitted to the Division of Personnel. Except in case of adoption, the request shall be accompanied by the doctor's statement in writing, indicating the anticipated date of confinement. Maternity leave is granted without pay for the remainder of a school year and may be extended through the following school year upon written request. One month prior to the date of employee's return to school duties, she shall file a written request for reinstatement and before she resumes working, she shall file a statement from her physician as evidence of satisfactory physical condition. Reinstatement following maternity leave shall begin with the opening of a school year. If a vacancy exists, and by mutual agreement, a teacher may return during a school year.

The salary of returning employee for the first year following reinstatement shall be determined by placing the employee on the same level of the salary schedule as that indicated at the time of the leave. In the event that the employee served a minimum of ninety-nine (99) days in the school year in which the maternity leave was granted, she shall advance one step on the salary schedule at the beginning of the next year of service.

As an independent ground of decision, the Court today holds that defendants' policy is a denial of due process in that it denies the individual teacher an opportunity to establish her medical fitness to continue teaching, by relying on a presumption which is factually unjustified. *Cf.* Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (April 3, 1972).