**SULLIVAN v. FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, et al.**

No. 72-19842.

Circuit Court, Dade County.

October 20, 1972.

Ray H. Pearson, Andrew H. Pearson, Andrew C. Hall and John W. Brumbaugh of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, for the plaintiff.

Harry C. Duncan, Gainesville, for defendant Florida High School Activities Association, Inc.

The defendant Robert Walker, in pro. per.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause is before the court on plaintiff's motion for injunctive relief. On September 26, 1972, plaintiff filed this action together with his motion for injunctive relief. Plaintiff alleges that the defendants are improperly prohibiting the participation of plaintiff's son, Thomas L. Sullivan, in inter-scholastic athletics and in particular, football, on behalf of Ransom School for the academic year 1972-1973.

On September 27, 1972, plaintiff brought to this court's attention the emergency nature of the motion. Ransom School was scheduled to compete in a football game on September 29, 1972 at 3:30 p.m. To avoid the obvious irreparable injury which would have been suffered by a deferred ruling in this cause, the court set a hearing on plaintiff's motion for injunctive relief for September 29, 1972 at 10 a.m. In light of the emergency situation, defendants received timely and adequate notice of the motion and hearing. Therefore, this court proceeded to receive evidence and hear argument of counsel.

Based on the evidence adduced by the parties hereto the court finds as follows —

Thomas L. Sullivan was born on December 6, 1954. Under the Florida law in effect at the time that Tom became of school age, a student was required to be 5 years 9 months of age at the time of the commencement of the school year in which he was to enter the first grade of the public schools. Tom fell short of this age requirement. Therefore, in September of 1960, Tom entered the first grade at St. Stephens Episcopal School, Coconut Grove, Florida and remained at St. Stephens through sixth grade.

In September of 1966, Tom entered Ransom School, a private non-proprietary "prep" school, for seventh grade and remained at Ransom School of Coconut Grove, Florida through the ninth grade.

In September 1969, he transferred to Coral Gables High School, a public school in Dade County, Florida, for tenth grade and completed the tenth grade at that school.

In September 1970, Tom's parents enrolled him in Lawrenceville School of Lawrenceville, New Jersey. Lawrenceville School is a well recognized "prep" school generally accepted as having a superior college preparatory curriculum. Because Tom's record reflected that he fell short of Lawrenceville School's entrance requirements for eleventh grade, Tom was required to repeat the tenth grade notwithstanding his passing of tenth grade at Coral Gables High School.

Tom repeated and passed the tenth grade at Lawrenceville School.

At no time did Tom participate in interscholastic athletics through the completion of tenth grade at Lawrenceville School.

In September, 1971 Tom re-enrolled at Ransom School for eleventh grade. For the first time, he sought to and did participate in interscholastic athletics and was approved for the same by the Florida High School Activities Association, Inc. hereinafter referred to as FHSAA.

The FHSAA is the state authority which controls all high school interscholastic activities including interscholastic athletics. It is in effect mandatory for the principal of every high school or secondary school in the state of Florida which wishes to participate in interscholastic activities to belong to the FHSAA in that —

a) The by-laws prohibit any member school from competing in interscholastic competition with any non-member school. The by-laws provide that no student is eligible for interscholastic athletic competition until his name has been submitted and approved for

eligibility by the executive secretary. The by-laws provide that any member school cannot engage in any interscholastic competition using an ineligible player and is subject to disciplinary action by the executive secretary including forfeiture of any games it has won if an ineligible player is used.

b) The by-laws require that coaches in member schools must have state teacher's certificates and must attend one FHSAA clinic annually. The by-laws provide that contracts for interscholastic contests must be on FHSAA forms and are subject to cancellation if a school proposes to use a player whose eligibility has not been approved by the executive secretary. The by-laws provide that a member school can engage in interstate interscholastic competition only with schools whose principals belong to the state association in which the competing school is located and also to the national federation composed of the FHSAA and similar high school activities associations of each state in the United States.

No official may officiate in any interscholastic contest between FHSAA member schools unless he is approved by the FHSAA. The rules and regulations of the Southern Association of Colleges and Schools, the recognized body which grants accreditation to all secondary schools in Florida and other states in the southern region, require that in order to be accredited a secondary school must be eligible for membership in the state high school activities association. Thus, Ransom School, in order to be accredited must abide by FHSAA's rules and regulations.

The aim of the FHSAA is to promote, direct and control all interscholastic activities of high school students, both athletic and non-athletic; to establish, maintain and enforce such regulations as may be necessary to assure that all such activities are a part of and contribute towards the entire educational program of the state of Florida; to cooperate closely with the State Department of Education in the development of that program; to safeguard the physical, mental and moral welfare of high school students and protect them from exploitation.

During counsel for the FHSAA's closing argument, counsel advised the court that the FHSAA's books of account are audited by the State Department of Education and that its expenditures are supervised and screened by the state to insure that they are proper.

It is apparent from the record that Ransom is a small school which traditionally has difficulty in raising a football team. In 1970 only 9 Ransom students reported for practice. The head coach at Ransom, a former all American at Auburn University, Caleb

Warrington, Jr., was compelled to go throughout the student body in an effort to induce a sufficient number of inexperienced students to report for practice so that the school could meet the 11 player requirement. In 1971 and in 1972, 28 students reported for practice. The court takes judicial notice of the fact that Ransom School has not approached the level of a high school football power. In fact, Ransom's best record was attained in 1971 when it won 5 of its 10 games.

Football is an American tradition which has formed a great cornerstone in shaping the lives of literally millions of Americans. It is uniquely adapted to educating our youth to the unquestioned merit of mental and physical discipline, wholesome and worthy competition under rules of good sportsmanship and fair play and the achievement of excellence. Americans who have drawn upon their early lessons in football include the late Presidents Eisenhower and Kennedy and Justice White. Thus, while football may be a privilege, it is an essential part of the American educational mosaic.

While Ransom is a small school, Tom has done well by his participation in football. Not only has his participation in this wholesome sport improved his physical well being but it also has resulted in the improvement of his grades, attitude, self-confidence, discipline and maturity. This court believes that his continued participation in sports will further assist in acquisition of these fine personal traits. Further, our colleges look to participation in sports as a significant factor in evaluating applicants for admission. Tom's continued participation in interscholastic athletics can only improve his prospects for admission into an American college or university.

In November of 1971, plaintiff learned that because of FHSAA's four year eligibility rule, Tom was ineligible to participate in interscholastic athletics for the year 1972-1973.

On December 28, 1971, plaintiff's attorney sought a hearing before the executive board of the FHSAA on the ground that the application of the four year rule in this case constituted an undue hardship within the meaning of the FHSAA's hardship rule.

Notwithstanding plaintiff's request for a hearing in early 1972, Floyd E. Lay, executive secretary of the FHSAA, advised plaintiff on December 30, 1971 that a hearing of Tom's case would not be had until September 9, 1972 at Gainesville, Florida. Mr. Lay's notice failed to apprise plaintiff of the procedure which would be followed at the hearing or the standards to be applied in reviewing Tom's hardship application.

Prior to the September 9 hearing, Tom went out for the Ransom football team and was successful. Tom was informed by Head

Coach Warrington that he would start for Ransom School as linebacker or defensive tackle. Tom is a good football player but lacks the size and ability required to participate in football at the college level. Therefore, the 1972 football season was and is his last opportunity to compete in interscholastic football.

On September 9, 1972, the FHSAA executive committee met in Gainesville to consider undue hardship cases. The committee's procedure was to call each case into private session. When the committee considered Thomas L. Sullivan's case, Mr. Lay, the committee members, Thomas L. Sullivan, Robert E. Walker, the plaintiff and his attorney were present. Committee members and Mr. Lay asked certain questions and then advised that they would meet in private session that afternoon and decide the case. On September 11, 1972, Mr. Lay advised Robert E. Walker that the committee had rejected Thomas L. Sullivan's application but gave no other explanation.

In his capacity as the FHSAA member charged with enforcing FHSAA rules and regulations at Ransom School, Mr. Walker thus advised Thomas L. Sullivan that he could not participate in any interscholastic competition.

At no time were these proceedings transcribed, testimony taken under oath or was plaintiff afforded the right to call witnesses and present evidence to an impartial finder of fact.

The four year eligibility rule prohibits athletes from competing in interscholastic high school athletics for more than four years after entering the ninth grade. The rule was and is designed to prohibit red shirting. Red shirting is the procedure whereby a student is retained in grade for the sole purpose of improving his athletic skills and participating with such increased skills for an additional year, thereby taking the place of other students who would otherwise participate in athletics.

To prevent injustice through the arbitrary application of the four year eligibility rule, the FHSAA wisely enacted a hardship exception. This exception was fashioned to allow a student to participate beyond his fourth year if his enrollment in high school for a period beyond the fourth year was due to circumstances beyond his control.

But for the four year rule, Tom was and is eligible to participate in interscholastic athletics. It is uncontroverted that Tom was neither red shirted or participating in athletics in lieu of another eligible student.

While the executive board of defendant FHSAA failed to specify the reasons for its refusal to declare Tom a hardship case, Floyd E.

Lay, the executive secretary of the FHSAA, who was present throughout the board's deliberation of this matter, testified that the sole reason for Tom's ineligibility was that the board disagreed with the decision of the officials at the Lawrenceville School who required Tom to repeat the tenth grade, a decision over which neither Tom nor his parents had control.

From these facts, the court makes the following conclusions —

Regardless of whether or not the FHSAA is a state agency or a private voluntary organization, the result in this case must be the same. This court is extremely reluctant to interfere with the internal affairs of a private voluntary organization. However, it is a fundamental concept of our jurisprudence that every wrong must have a remedy. A person must be able to secure judicial redress from mistake, fraud, bad faith, collusion or arbitrariness. This court finds that Thomas L. Sullivan is the victim of arbitrariness in the application of the hardship rule as contemplated by Sult v. Gilbert, 148 Fla. 31, 3 So.2d 972 (1941). It is clear that Thomas L. Sullivan repeated the tenth grade only because of the decision of the authorities at Lawrenceville School. Neither Tom nor his parents had any control over this decision. The decision was made for academic reasons and was unrelated to participation in athletics. There are no students at Ransom School who are deprived of the opportunity to participate in interscholastic athletics as a result of Tom's eligibility. There is no question of red shirting. By the board's own standards, it could not penalize Tom because of the decision by the Lawrenceville School, over which Tom had no control. In short, judged by its own standard, the board arbitrarily and improperly refused to exempt Tom from the four year rule for reasons totally unrelated to the danger or evil the four year eligibility rule was designed to prevent. Consequently, this court finds that Tom is entitled to participate in interscholastic athletics until further order of this court.

While as stated above, if the FHSAA were a private organization, Thomas L. Sullivan would be entitled to participate in interscholastic athletics, there are other fundamental issues in this case. It is clear that the FHSAA has the responsibility for supervision and control of all facets of interscholastic athletics in the private and public schools of the state of Florida. As such the FHSAA is an arm of the State Department of Education. The activities of the FHSAA are so intertwined with that of the state, that its conduct must be deemed to be state action in the constitutional sense. Mitchell v. Louisiana High School Activities Association, Inc., 430 F.2d 1155 (5th Cir. 1970). While the participation in high school athletics is a privilege, such a classification does not carry with it the right by the state to dispense with this privilege arbitrarily.

Shapiro v. Thompson, 394 U.S. 618, 627 n. 6, 89 S.Ct. 1322, 22 L.Ed. 2d 600 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed. 2d 287 (1970).

Here as stated above, the board's decision as measured by its own standards is arbitrary and creates two classes of students under the four year rule without a reasonable justification for the same. Where the board agrees with a repetition of a grade for academic reasons, the student is allowed to compete. However, where the board disagrees, the student is ineligible. Such a result is prohibited by the equal protection clause and the due process clause. As a result, the board's decision on the facts of this case was and is constitutionally impermissable and must be corrected by this court.

One final issue remains, the hearing afforded on September 9, 1972. The legislature of this state recognized the minimal requirements of the due process clause in enacting the Administrative Procedure Act, Fla. Stat. ch. 120. Floyd Lay, executive secretary of the FHSAA, testified that the purpose of the hearing was to learn the truth. Yet no right was afforded to call witnesses, introduce evidence, or to cross examine witnesses. No witnesses testified under oath. Thus, the hearing completely departed from well established standards of procedural due process of law.

One final comment is warranted. In this day and time when we are confronted with vice, crime, abuse of drugs and other forms of anti-social behavior, it is shocking and reprehensible to all society that an "official" body would arbitrarily deny and abridge to our youth the right to participate in an athletic program and in particular football, a game that is not only wholesome and pure but is also socially acceptable.

Based on the foregoing findings of fact and conclusions of law, it is ordered and adjudged that —

(1) Thomas L. Sullivan is eligible to participate in interscholastic athletics for Ransom School for the year 1972-1973 until further order of this court.

(2) Defendants are restrained from directly or indirectly interfering with such eligibility until further order of this court.

(3) Thomas L. Sullivan shall be treated as eligible to participate as if on the FHSAA game list for the game played by Ransom School on September 29, 1972.

(4) Plaintiff shall post in the registry of this court to secure defendants from damages or costs that may result from the entry of this injunction the sum of $100 within five days from the date of execution of this order.