291 So.2d 636 (1974)
Dennis Arthur LEE, Appellant,
v.
FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., a Non-Profit Corporation, and Russell Wheatley, As Principal of Hialeah-Miami Lakes High School, Hialeah, Florida, Appellees.
No. 73-1524.
District Court of Appeal of Florida, Third District.
March 19, 1974.
Rehearing Denied April 9, 1974.
*637 Welsh & Carroll, O'Donnell, Daniels, Kay & Castles, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin, Miami, Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder, Gainesville, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals an order dismissing with prejudice his complaint seeking declaratory and injunctive relief. We reverse.
In essence, plaintiff in his complaint alleged the following: that in September 1969 he entered the ninth grade in a high school in California and continued there until November 1971 at which time he and his family moved to Florida; that upon arriving in this state, it became necessary for him to obtain employment to financially aid his family; that in September 1972 he enrolled in Hialeah Miami Lakes High School whose principal, defendant Russell Wheatley, is a member of the defendant Florida High School Activities Association, Inc. (hereinafter referred to as FHSAA) and thereby plaintiff is subject to the by-laws thereof; that the FHSAA is a non-profit association, the members of which are the principals of almost every public and private high school in the State of Florida, and through its by-laws the association controls all inter-scholastic athletic activities of Florida high school students; that in order for a Florida high school to participate in inter-scholastic activities, the principal of said school must be a member of the FHSAA and thereby the FHSAA assumes control and supervision *638 of all inter-scholastic activities including athletics in private and public schools in the State of Florida and as such is a regulatory arm of the Department of Education of the State of Florida; that plaintiff participated as a varsity member of the soccer and baseball teams for approximately one-half year; that in September 1973 the FHSAA declared him ineligible to participate in inter-scholastic athletic activities by reason of Article 20, Paragraph 5-1 of the By-Laws which limits the eligibility of each student to four consecutive years from the time he enters ninth grade; that failure to participate in these activities will reduce his opportunity to obtain an athletic scholarship and admission to college; that pursuant to Article 21, plaintiff's principal petitioned to set aside plaintiff's ineligibility on the grounds of undue hardship; that on September 8, 1973 the executive committee of the FHSAA refused to waive the ineligibility ruling against the plaintiff; that there are no rules, regulations, or standards to govern the executive committee of the FHSAA in its determination and the provisions of the rule are so broad that its application is capricious, whimsical and arbitrary; that unless the defendants are enjoined, plaintiff will be irreparably injured, etc. Plaintiff then prayed that (1) the court take jurisdiction, (2) declare plaintiff eligible to participate in inter-scholastic activities, (3) declare FHSAA rule 20-5-1 unconstitutional, and (4) grant a permanent injunction restraining defendants from prohibiting or penalizing his participation in scholastic activities. In response thereto defendant FHSAA joined by defendant Wheatley moved to dismiss the complaint. The dismissal thereof with prejudice was granted and this appeal followed.
It is axiomatic that for the purpose of passing on a motion to dismiss, all material allegations are taken as true as well as all reasonable inferences therefrom.
Reviewing the complaint in the case sub judice in light of the above principle of law, it becomes readily apparent that the defendant FHSAA has the exclusive authority and responsibility for supervising and controlling all phases of interscholastic athletics in both the public and private high schools in the State of Florida. Hence, the conduct of the affairs of FHSAA undoubtedly is state action in the constitutional sense. Cf. Louisiana High School Athletic Association v. St. Augustine High School et al., 396 F.2d 224 (5th Cir.1968); Mitchell v. Louisiana High School Athletic Association, 430 F.2d 1155 (5th Cir.1970). See also Sullivan v. Florida High School Activities Association, et al., Cir.Ct. 1972, 38 Fla. Supp. 18. But for the four year rule, plaintiff was and is eligible to participate in interscholastic athletics, which will enhance complainant's chances of being admitted to college and the possible winning of a needed athletic scholarship. Neverless, the executive committee of the defendant FHSAA without establishing any uniform standards or affording the plaintiff an opportunity to present evidence, refused to declare the complainant a hardship case and failed to offer any reasons therefor.[1] Thus, we conclude that the complaint on its face sufficiently alleges the harshness of the executive committee's action and the denial of due process in that it denied the plaintiff an opportunity to establish his eligibility, by relying upon the four year rule which was applied arbitrarily in the instant action. Cf. Pocklington v. Duval County School Board, 345 F. Supp. 163 (M.D.Fla. 1972). We hold that upon complaint of a citizen the court has the power and the duty to determine whether the citizen has been deprived of due process of law by the *639 action of an association, such as the FHSAA whose conduct of affairs is state action in the constitutional sense. Cf. Dade County Medical Association v. Samartino, Fla.App. 1968, 213 So.2d 627 and McCune v. Wilson, Fla. 1970, 237 So.2d 169.
Accordingly, for the reasons discussed hereinabove, we hereby reverse the order dismissing the complaint of plaintiff-appellant and remand the cause for further proceedings not inconsistent herewith.
Reversed and remanded with directions.
NOTES
[1] The purpose of the rule is to prevent the practice of retaining a student in a grade for the sole purpose of improving his athletic skills and participating with such increased skills for an additional year, thereby taking the place of other students who would otherwise participate in athletics.