313 So.2d 57 (1975)
FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., Appellant,
v.
Aaron BRYANT, Appellee.
No. 75-18.
District Court of Appeal of Florida, Third District.
May 13, 1975.
Rehearing Denied June 10, 1975.
Horton, Ferse & Ginsberg, Dubbin, Schiff, Berkman & Dubbin, Miami, Clayton, Duncan, Johnston, Clayton, Quincey, Ireland & Felder, Gainesville, for appellant.
Robert L. Blake, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
This is an appeal by the defendant below from a final judgment declaring the plaintiff, Aaron Bryant, to be eligible to participate in interscholastic athletics as a basketball player at Miami Jackson Senior High School during the 1974-75 school year.
The trial court also enjoined the defendant from prohibiting the plaintiff from participation in athletics during the 1974-75 school year on the basis of the defendant's so-called four-year eligibility rule as provided in Article 20, Paragraph 5-1 of the defendant's by-laws.
The plaintiff's main contention before the trial court was that he qualifies as a hardship case and therefore the four-year rule should not be invoked in an arbitrary manner to exclude him from participating in basketball during his senior year.
The court found that interscholastic basketball is the only sport in which the plaintiff participates and "it is an important and vital part of his life providing an impetus to his general scholastic and social development and rehabilitation from his prior problems as a juvenile delinquent. It has resulted in the improvement of his grades, attitude, self-confidence, discipline and maturity."
Defendant raises four points seeking to reverse the order appealed. We have carefully considered each point in light of the record, briefs, and arguments of counsel, *58 and have concluded that no reversible error has been shown.
In our view, the contentions of the appellant were answered squarely by this court's holding in Lee v. Florida High School Activities Ass'n, Inc., Fla.App. 1974, 291 So.2d 636.
Further, we do not think the defendant has shown that its initial finding that the plaintiff had not presented an adequate case of undue hardship was either fair or supported by competent substantial evidence.
The trial court, which heard sworn testimony, determined that there was no question of "redshirting" involved in this case, a practice which the four-year rule is designed to prevent.
It is our conclusion that the findings of the court are supported by the record and the law, and accordingly the judgment appealed is affirmed.
Affirmed.