**HOLY CROSS COLLEGE, INC. and Henry Rando, Plaintiffs–Appellants,**

v.

**LOUISIANA HIGH SCHOOL ATHLETIC ASSOCIATION, Defendant–Appellee.**

No. 79–2760.

United States Court of Appeals, Fifth Circuit.

Dec. 18, 1980.

Rehearing and Rehearing En Banc Denied Jan. 21, 1981.

William F. Wessel, New Orleans, La., for plaintiffs–appellants.

C. Ellis Henican, Jr., New Orleans, La., amicus curiae, for de la Salle of N. O., Inc.

Charles M. Hughes, R. Bradley Lewis, Bogalusa, La., for defendant–appellee.

Before TJOFLAT, RUBIN and TATE, Circuit Judges.

PER CURIAM:

This case is before us on appeal from the district court's dismissal for lack of subject matter jurisdiction. We reverse and remand to the district court for proceedings on the merits.

## I

The Louisiana High School Athletic Association (the Association) "is an unincorporated association of Louisiana high schools which coordinates and regulates the interscholastic athletic competition among its members." *Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155, 1156 (5th Cir. 1970). In an effort to curtail athletic recruitment abuses, the Association promulgated a rule prohibiting member schools from exerting undue influence over prospective students. That rule reads as follows:

Undue Influence

1. The use of undue influence, by any person connected or not connected with the school, to secure or retain a student or the parents of a student, shall cause the student to be ineligible for a period of no less than one year and may subject the school to disciplinary action. No player shall receive remuneration of any kind. No pupil shall be eligible to whom any special inducement of any kind has been given to attend any school. In the interpretation of this rule the following, for example, shall be considered as undue influence: The award of free room and board, allowance for transportation, priority in assignment of jobs, promise of help in securing college scholarships, and any other privileges or considerations not accorded to other students whether athletes or non–athletes.

NOTE: It is a violation of the undue influence rule when school officials initiate or are a party to contacting or recruiting prospective athletes by any means to encourage them to attend their school.

2. Any school found guilty of recruiting or inducing students to attend their school for athletic purposes from a school outside their attendance zone or from a school other than a feeder school within their attendance zone will forfeit their right to championship in the sport in which they participate for a period of one year from the date of the penalty, and if the practice continues they will be suspended from the L.H.S.A.A. for one year. At the end of this time, they will be eligible for reentry into the Association.

Record at 2–3.

On October 5, 1978, Holy Cross High School sent teacher–coach Henry Rando to St. Clement of Rome School in Metairie, Louisiana, to speak with students about the scholastic programs available at Holy Cross. Based on his activities there, the Association found appellants, Holy Cross College, Inc. and Coach Henry Rando, in violation of this undue influence rule, and enforced certain sanctions against them. After unsuccessfully contesting this matter before the Association, Holy Cross and Rando filed suit in the federal district court, alleging jurisdiction under 28 U.S.C. § 1343(3) (1976). The district court dismissed for lack of subject matter jurisdiction.

## II

"Since this is an appeal from dismissal for lack of jurisdiction, the well-pleaded allegations of the complaint must be taken as true." *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278 at 281 (5th Cir. 1975). *See also Goosby v. Osser*, 409 U.S. 512, 521 n.7, 93 S.Ct. 854, 860 n.7, 35 L.Ed.2d 36 (1973). The complaint alleges jurisdiction under 28 U.S.C. § 1343(3) which "grants a district court jurisdiction to redress a deprivation, under color of state law, of a right or privilege secured by the Constitution or federal law." *Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155, 1157 (5th Cir. 1970) (emphasis omitted). Our jurisdictional inquiry is "limited to observing whether the complaint is drawn to seek recovery under a federal statute [or the Constitution], and if so, determining whether as a matter of law the federal claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.' " *Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975) *quoting Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 930 (1946). *See also Walsh v. Louisiana High School Athletic Association*, 616 F.2d 152, 156 (5th Cir. 1980).

Among other federal claims, appellants attack the Association's undue influence rule as an impermissible infringement of their first amendment guarantee to freedom of speech. They claim the rule is both unconstitutionally vague and unconstitutional as applied in this case; they have sought relief under 42 U.S.C.A. § 1983 (Supp.1980). Thus, the complaint is clearly "drawn to seek recovery under a federal statute" *Spector*, 517 F.2d at 281. Moreover, the federal claim is not "immaterial" as it, and its companion federal claims, constitute "the essence of the action." *Walsh v. Louisiana High School Athletic Association*, 616 F.2d 152, 156 (5th Cir. 1980). Thus, we must focus our attention upon the substantiality of appellants' federal claim. We note at the outset that "The test for dismissal is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists." *Hilgeman v. National Insurance Co. of America*, 547 F.2d 298, 300 n.1 (5th Cir. 1977) *quoting* C. Wright & A Miller, 13 *Federal Practice and Procedure* § 3564 at 428 (1975).

In approaching the substantiality determination, this Circuit employs a two–part test: "[L]ack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 342 (5th Cir. 1977) *quoting Mays v. Kirk*, 414 F.2d 131, 135 (5th Cir. 1969).

We have found no pre–empting decisions of the Supreme Court which would render appellants' claim unsound. Furthermore, appellants' claim clearly is not meritless or frivolous. The Association's acts are state action, *Louisiana High School Athletic Association v. St. Augustine High School*, 396 F.2d 224, 227 (5th Cir. 1968), and the allegations of the complaint, taken as true, implicate the fundamental right of free speech guaranteed by the first amendment to the Constitution. *See analogously Walsh v. Louisiana High School Athletic Association*, 616 F.2d 152, 156–157 (5th Cir. 1980). (Jurisdiction under 28 U.S.C. § 1343(3) proper when complaint alleges non–frivolously undue burden on first amendment right to free exercise of religion.) *See also Mitchell v. Louisiana High School Athletic Association*, 430 F.2d 1155, 1158 text and n.14 (5th Cir. 1970). Therefore, appellants have properly alleged subject matter jurisdiction under 28 U.S.C. § 1343(3) (1976).

For the foregoing reasons, we reverse and remand to the district court for further proceedings.

**REVERSED and REMANDED.**