### THOMAS v. FLORIDA HIGH SCHOOL ACTIVITIES ASSN., INC., et al.
Case No. 81-19888
Eleventh Judicial Circuit, Dade County
December 3, 1981

Richard M. Dunn, Arky, Freed, Stearns, Watson & Greer, for plaintiffs.

Richard Cole, Walton, Lantaff, Schroeder & Carson, for defendants.

JOHN GALE, Circuit Judge.

---

THIS CAUSE is before the Court on plaintiffs' Complaint for Declaratory and Injunctive Relief, and their Motion for Temporary Restraining Order. On November 20, 1981, plaintiffs filed this action together with their motion for temporary restraining order. Plaintiffs allege that the defendants were improperly prohibiting the participation of the plaintiffs' sons in play-off games for the State Championship.

Plaintiffs brought to the Court's attention the emergency nature of the motion. Killian High School was scheduled to compete in a play-off football game on November 27, 1981, and if winners, on December 4, 1981, December 11, 1981 and December 18, 1981. To avoid the obvious irreparable injury which would have been suffered by a deferred ruling in this cause, the Court set a hearing on plaintiffs' motion for injunctive relief for November 24, 1981 at 4:00 p.m. In light of the emergency situation, defendants received timely and adequate notice of the motion and hearing. Therefore, this Court proceeded to receive evidence and hear argument of counsel.

Based upon the evidence presented by the parties hereto, the Court finds and concludes as follows:

1. This Court has jurisdiction of the parties and subject matter herein.

2. The sons of all of the plaintiffs are students at Killian High School, have participated as members of that high school's football team for at least one (1) year, and are otherwise eligible to participate in high school football.

3. The Florida High School Activities Association, Inc. is the state authority which controls all high school interscholastic activities including interscholastic athletics. It is, in effect, mandatory for the principal of every high school or secondary school in the State of Florida which wishes to participate in interscholastic activities to belong to the Florida High School Activities Association, Inc. Thus, Killian High School, in order to be accredited, must abide by the Florida High School Activities Association, Inc's. rules and regulations.

4. The aim of the Florida High School Activities Association, Inc. is to promote, direct and control all interscholastic activities of high school students, both athletic and non-athletic; to establish, maintain

and enforce such regulations as may be necessary to assure that all such activities are a part of and contribute towards the entire educational program of the State of Florida; to cooperate closely with the State Department of Education in the development of that program; to safeguard the physical, mental and moral welfare of high school students and protect them from exploitation.

5. Football is an American tradition which has formed a great cornerstone in shaping the lives of literally millions of Americans. It is uniquely adapted to educating our youth to the unquestioned merit of mental and physical discipline, wholesome and worthy competition under rules of good sportsmanship and fair play, and the achievement of excellence. Americans who have drawn upon their early lessons in football include Presidents Reagan, Kennedy and Eisenhower and Supreme Court Justice White. Thus, while football may be a privilege, it is an essential part of the American educational mosaic.

6. Rule 5 of the Florida High School Activities Association's "Contest Regulations" (Rule 5), states:

> Each team will be allowed a maximum of 44 players in uniform for each game.

7. Rule 5 does not apply to regular season football games. Except for certain eligibility requirements, there are no limitations on the number of student participants in the football program during the regular season.

8. Because of Rule 5, the defendant Cooley (head football coach at Miami Killian High School) advised the individual plaintiffs' sons and the members of the class who are on the Killian High School football team that they could not participate in the play-offs for the State Championship.

9. Regardless of whether or not the Florida High School Athletic Association, Inc. is a state agency or private voluntary organization, the result in this case must be the same. This Court is reluctant to interfere with the internal affairs of such an organization. However, it is a fundamental concept of our jurisprudence that every wrong must have a remedy: a person must be able to secure judicial redress from mistake, fraud, bad faith, collusion or arbitrariness. This Court finds that the plaintiffs' sons and the members of their class are victims of arbitrariness and irrationality with respect to the application of Rule 5.

10. It is clear that the Florida High School Activities Association has the responsibility for supervision and control of all facets of interscholastic athletics in the private and public schools of the State of Florida. As

such the Florida High School Activities Association is an arm of the State Department of Education.[1] The activities of the Association are so intertwined with that of the state, its conduct must be deemed to be state action in the constitutional sense. *Mitchell v. Louisiana High School Activities Association, Inc.,* 430 F.2d 1155 (5th Cir. 1970); *Florida High School Activities Association, Inc. v. Bradshaw,* 369 So.2d 398 (Fla. 2d DCA 1970). While the participation in high school athletics is a privilege, such a classification does not carry with it the right by the state to dispense with this privilege arbitrarily and irrationally. *Shaprio v. Thompson,* 394 U.S. 618, 627 n.6, 89 S.Ct. 1322 (1969); *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, (1970); *Vitek v. Jones,* 445 U.S. 480, 490-91, 100 S.Ct. 1254 (1980).

11. As stated above, Rule 5 by its own standards is arbitrary and irrational and creates two classes of football players. One class is the football player who practices every day and is eligible to play in all games, play-offs and championship games. The other class is the football player who practices every day, and is eligible to play only in regular season games despite his contribution to the team's success. As a result, and based upon the facts of this case, Rule 5 is unconstitutionally impermissible and must be struck down by this Court.

12. Finally, in this day and time when we are confronted with crime, vice and the rampant abuse of drugs and other forms of anti-social behavior, it is shocking and reprehensible to all society that an "official" body would arbitrarily deny and abridge to our youth the right to participate in an athletic program and in particular football play-offs and championship games, a game which is not only wholesome and pure but socially acceptable. *Sullivan v. Florida High School Activities Association, et al.,* 38 Fla. Supp. 18 (Circuit Court, Dade County 1972). The very goal of putting on that uniform, the chance to someday start in a game, or even play before your peers, family and fans is the reason for going out for the team and taking your bumps and bruises. This reward is earned. Anyone who has labored on the athletic field is well aware of the hard work, sacrifice and trauma (not to mention the pound of dirt you eat) that occurs during the weeks of practice. To create a situation where a student athlete is reduced to a blocking dummy during the week and being told "give us your hard work, sacrifice and trauma during practice, but you cannot put on the school uniform nor play" runs directly counter to the American tradition of fair play. To allow an unlimited roster during the season and then to

---

[1]In Dade County, the evidence shows and I find that a specific Dade County School Board rule requires all county schools to be members of the FHSAA and to follow FHSAA rules.

158

limit that roster during the play-offs and championship games is arbitrary and irrational.

13. This Court finds that the witnesses called by defendants were unable to advance any credible reasons for the existence of Rule 5.

14. · The Court finds that irreparable injury will occur to the class of plaintiffs if defendants enforce Rule 5 during the current play-offs. Further, the Court finds that no injury will occur to defendants as a result of an Order enjoining enforcement of Rule 5 in the play-offs.

Based upon the foregoing facts and conclusions, it is

ORDERED AND ADJUDGED as follows:

1. The case is certified as a class action in accordance with the class allegations contained in plaintiffs' Complaint and their Amendment to Complaint.

2. The activities of the Florida High School Activities Association, Inc. ("FHSAA") constitute state action.

3. Rule 5 discriminates against all student participants in football programs at AAAA schools and against student participants who occupy a roster position of number 45 or above on the football rosters of AAAA schools.

4. This Court finds that Rule 5 is arbitrary, capricious and unconstitutional.

5. Defendants are enjoined from enforcing this Rule from the date of this Court's oral Order on November 24, 1981.