The lower court based its preliminary injunction, in part, on the following finding:
 "8. That the actions of the Executive Director of defendant AHSAA, the actions of defendant AHSAA, and the actions of the Sixth District Athletic Board denied the plaintiff a fair and impartial hearing or decision, and denied the plaintiff his right to due process under law." (Emphasis added.)
This finding erroneously presupposed that a student athlete has a constitutional right to due process in the determination of his athletic eligibility by the AHSAA. As recognized in Scottv. Kilpatrick, 286 Ala. 129, 237 So.2d 652 (1970), and Mitchellv. Louisiana High School Athletic Association, 430 F.2d 1155
(5th Cir. 1970), the privilege of participating in high school athletics is outside the protection of due process. Mitchell
clearly so holds when it states as follows:
 "For better or worse, the due process clause of the fourteenth amendment does not insulate a citizen from every injury at the hands of the state. `Only those rights, privileges and immunities that are secured by the Constitution of the United States or some Act of Congress are within the protection of the federal courts. Rights, privileges and immunities not derived from the federal Constitution or secured thereby are left exclusively to the protection of the states.' The privilege of participating in interscholastic athletics must be deemed to fall in the latter category and outside the protection of due process."
(Emphasis added.)
Mitchell, supra, 430 F.2d 1155, 1157, 1158.
This holding in Mitchell has been consistently followed in numerous cases. See *Page 6 Parish v. National Collegiate Athletic Ass'n, 506 F.2d 1028
(5th Cir. 1975); Moreland v. Western PennsylvaniaInterscholastic Athletic League, 572 F.2d 121, 123-24 (3d Cir. 1978); Hamilton v. Tennessee Secondary School Athletic Ass'n,552 F.2d 681, 682 (6th Cir. 1976); Albach v. Odle,531 F.2d 983, 984-85 (10th Cir. 1976); and Walsh v. Louisiana HighSchool Athletic Ass'n, 616 F.2d 152 (5th Cir. 1980).
Scott also holds that a student-athlete such as Rose does not have a constitutionally protected due process right in the determination of his athletic eligibility by the AHSAA. In this connection, it was stated in Scott as follows:
 "The Chancellor found that the complainant had not been notified of the final hearing before the Central Board of Control, and therefore had no opportunity to appear at such hearing. The appeals to the District Board and to the Central Board were processed by Cordova High School. The matter pertained to the internal affairs of the AHSAA. Only the school was a member of that association. Cordova, and all other members of the association, had vested the final enforcement of the rules of the association in the District Board and the Central Board. The complainant was not a member of the association. He had no standing in the proceedings. The fact that he was not notified of the hearing before the Central Board is of no consequence." (Emphasis added.)
Scott, supra, 286 Ala. 129, 133, 237 So.2d 652, 653.
Since Rose did not have a due process claim against the AHSAA, there is no legal basis to support the finding by the lower court that the action of the AHSAA Executive Director or District Board "denied the plaintiff his right to due process under law." The AHSAA could not deny Rose a constitutional right which did not exist. As stated in Walsh, supra:
 "A student's interest in participating in a single year of interscholastic athletics amounts to a mere expectation rather than a constitutionally protected claim of entitlement. As decided in Mitchell, it falls `outside the protection of due process.' The district court properly denied the plaintiffs relief based on their due process claim."
Walsh, supra, 616 F.2d 152, 159, 160.
In National Collegiate Athletic Ass'n v. Gillard,352 So.2d 1072 (Miss. 1977), the Supreme Court of Mississippi held that in determining the eligibility of a college football player by the NCAA that the player did not have a due process right under either the State or Federal Constitution. In that case the Supreme Court of Mississippi followed and quoted from Scott v.Kilpatrick, supra, by the Supreme Court of Alabama. The Court concluded as follows:
 "The basic decision of the case then is the simple statement that Gillard's `right' to engage in intercollegiate football is not a `property' right that falls within the due process clause of either section 14 of the Mississippi Constitution or the Fourteenth Amendment to the United States Constitution, both of which are identical. The reason for this principle is found in the following cases: Howard University, et al. v. NCAA, 166 U.S.App. D.C. 160, 510 F.2d 213 (1975); Parish, et al. v. National Collegiate Athletic Ass'n, 506 F.2d 1028 (5th Cir. 1975); Associated Students, Inc., etc. v. NCAA, 493 F.2d 1251 (9th Cir. 1974); Mitchell v. Louisiana High School Athletic Ass'n, 430 F.2d 1155 (5th Cir. 1970); Oklahoma High School Athletic Ass'n v. Bray, 321 F.2d 269 (10th Cir. 1963); Scott v. Kilpatrick, 286 Ala. 129, 237 So.2d 652 (1970); Sult v. Gilbert [148 Fla. 31], 3 So.2d 729 (Fla. 1941); Sanders v. Louisiana High School Athletic Ass'n, 242 So.2d 19 (La. 1970); State, ex rel. Missouri, State High School Activities Ass'n v. Schoenlaub, 507 S.W.2d 354 (Mo. 1974); Tennessee Secondary School Athletic Ass'n v. Cox, 221 Tenn. 164, 425 S.W.2d 597
(1968)."
Gillard, supra, 352 So.2d 1072, 1081. *Page 7